## (November 15, 1939.)

RUTH E. BOOTH, Respondent, v. CITY OF ROCHESTER, Appellant.— Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event. Memorandum: Under the definition of the statute, a police automobile is a vehicle but not a motor vehicle. (Vehicle & Traffic Law, art. 1, § 2, subds. 7, 8.) The court read to the jury the provisions of subdivision 1-a of section 56 and the relative portions of sections 58 and 67 of the Vehicle and Traffic

Law and charged the jury in substance that a violation of these provisions was negligence itself. These provisions do not relate to police vehicles, hence it was prejudicial error to so charge because it permitted the jury to find the defendant negligent if the operator of its vehicle violated any of said provisions. To those instructions the defendant excepted. In response to an inquiry from the foreman of the jury as to whether the plaintiff or the police vehicle had the right of way at the crossing, the court charged: " The pedestrian has the right of way upon the crossing, still subject to exercising care. The police car has a right of way upon the highway in general, but still required to exercise care. * * * The duty upon both the pedestrian for the right of way on the crossing, and the police car answering an emergency for the right of way upon the highway, to still exercise care." A juror then stated to the court that he was confused, saying, " It seems to me if one person has the right of way, the other has not." The court did not resolve this confusion in the juror's mind by charging which had the right of way. Later instructions aggravated the confusion. To these instructions the defendant excepted. The court should have charged that " all other things being equal " the police car had the right of way under subdivision 1 of section 82 of the Vehicle and Traffic Law, notwithstanding the right of way granted to the plaintiff by subdivision 1 of section 85 of the Vehicle and Traffic Law. (*Garrett* v. *City of Schenectady*, 268 N. Y. 219, 222.) The failure to so charge constituted reversible error. We do not pass upon other errors complained of by the defendant. All concur, except Taylor, J., who dissents and votes for affirmance on the ground that the errors were not prejudicial. (The judgment is for plaintiff in an automobile negligence action. The order denies a motion for a new trial.) Present — Crosby, Lewis, Taylor and Dowling, JJ.