without costs of this appeal to either party. All concur. (The order dismisses a writ of habeas corpus and remands relator into custody.) Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.

HERMAN FRAUT, Respondent, v. ROBERT O. TURNER and GEORGE HAMLIN, Appellants, PERCY E. ROBERTS, Defendant.— Judgment so far as it relates to the defendant Turner reversed on the facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the finding of negligence as to said defendant is against the weight of the evidence, and judgment so far as it relates to the defendant Hamlin affirmed, with costs. All concur. (The judgment is for plaintiff in an automobile negligence action.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

MICHAEL ULIASZEK, JR., an Infant, by MICHAEL ULIASZEK, His Guardian ad Litem, Respondent, v. THEODORE BUCZKOWSKI and ANTHONY PANZICA, Appellants, SALESMEN'S GROCERY CORPORATION, Defendant.— Judgment and order reversed on the law and a new trial granted, with costs to the appellants to abide the event. Memorandum: Certain requests made to the trial court by the plaintiffs' attorney were requests for instructions that were not pertinent to the issue. It may well be thought that the granting of such requests did seriously influence the jury, or confuse the jury, as to what provisions of the Vehicle and Traffic Law were to be considered by them on the question of the alleged negligence of the defendants held herein. The sole charge of negligence on which the jury could find against the defendants was that the defendant driver negligently had failed to see the infant in his path; so the charge of the court in reference to subdivision 2 of section 83 of the Vehicle and Traffic Law was not pertinent. In reference to the charge as given by the court on subdivisions 5 and 8 of section 86 of the Vehicle and Traffic Law, it is true that there was a dispute of fact as to whether the truck was parked diagonally or parallel to the curb. The question of the method of parking had some bearing on the likelihood of the driver seeing the boy if the infant were at the side of the truck, but it had no bearing on liability. Yet the jury were told by the court that they could take into consideration these subdivisions without being told the bearing, if any, of such statutory provisions on the questions before them. As there was no question in the case of the giving of a signal, the court's instructions in regard to section 67 should not have been given. When requested to charge on the specific portions of the statute the court showed that there was confusion on its part as to the applicability of such provisions. The giving of the instructions in reference to such statutory provisions was material error. (Booth v. City of Rochester, 258 App. Div. 849; City of Auburn v. Roate, 246 id. 461.) All concur, except Dowling, J., who dissents and votes for affirmance on the ground that any error committed on the trial was harmless. (The judgment is for plaintiff in an automobile negligence action. The order denies a motion for a new trial.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

MICHAEL ULIASZEK, Respondent, v. THEODORE BUCZKOWSKI and ANTHONY PANZICA, Appellants, SALESMEN'S GROCERY CORPORATION, Defendant.— Same decision and like cause of action as in companion case last above. Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

CAESAR A. TRONOLONE, Respondent, v. WILLIAM HORN, Appellant.— Judgment affirmed, with costs. All concur. (The judgment of Supreme Court, Erie Special