ROBERT H. BRENNAN, Respondent, v. CITY OF ALBANY, Appellant, et al., Defendant.— Appeal by the defendant City of Albany from a judgment entered upon a verdict rendered by a jury at a Trial Term of the Supreme Court, Albany County, and from an order denying defendant's motion to set aside the verdict. Plaintiff-respondent was injured when the automobile in which he was a passenger, owned and operated by the codefendant Collins, was involved in a collision with a police car at the intersection of State and Lark Streets in the city of Albany. The police car, answering an emergency call, was being driven in a southerly direction on Lark Street while the passenger car was proceeding eastward on State Street. The traffic light at the intersection was red for north and south traffic and green for east and west traffic. Just prior to the accident, there were two lines of south-bound traffic stopped on the westerly side of Lark Street. The testimony is to the effect that plaintiff and Collins did not see the police vehicle until it emerged from behind a stopped bus and entered the intersection, being driven partly in the lane normally reserved for northbound traffic. At the time of the collision, the Collins car had reached a point beyond the center line of the intersection and it was struck in the left front side by the front of the police car. Assuming that the police car was on an emergency trip, it had the right of way, even against the red light, provided it was driven with caution and adequate warning was sounded (Vehicle and Traffic Law, §§ 82, 84). The two police officers riding in the police car testified that the siren had been turned on at a point about 100 to 125 feet from the intersection and that it had been sounding continuously until it was shut off after the collision. There was also evidence by other witnesses that they had heard the siren. Both Collins and the plaintiff testified that they did not at any time hear the siren. There is a conflict in the evidence as to the speed of the police car, the plaintiff's evidence tending to establish that it was traveling at from thirty to thirty-five miles an hour while the defendant's evidence was to the effect that it was traveling at a speed of from fifteen to twenty miles an hour. The decisive issues

in the case were whether the siren had been sounded in time to enable the driver of the passenger car to avoid the collision and whether the police car had approached the intersection with due caution under the circumstances. Each of these issues presented a question of fact and it cannot be said that the jury's verdict in favor of the plaintiff was against the weight of the evidence. Appellants further contend that the verdict in the amount of $75,000 is excessive. Plaintiff-respondent, a young man of twenty-five, sustained severe head injuries as a result of which he was compelled to undergo surgery on three different occasions. Two metallic plates were inserted, one on each side of his head, and a plastic button was inserted in his forehead. Plaintiff continues to suffer from headaches and there was evidence to the effect that the quality of his work as an electrical engineer has been adversely affected. Although his salary continued uninterrupted, plaintiff's special damages amount to over $3,000. The amount of damages awarded plaintiff by the jury cannot be said to be excessive. Judgment unanimously affirmed, with costs in favor of the plaintiff-respondent and against the defendant-appellant, City of Albany. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.