LLOYD BULL, Appellant, v. JOSEPH E. DREW, Respondent. VILLAGE OF WATERFORD, Appellant, v. JOSEPH E. DREW, Respondent. RAYMOND ROCQUE, Appellant, v. JOSEPH E. DREW, Respondent. LEO WILLI, Appellant, v. JOSEPH E. DREW, Respondent. JOSEPH E. DREW, Respondent, v. VILLAGE OF WATERFORD et al., Appellants.—

Foster, P. J., Bergan, Coon and Halpern, JJ., concur; Zeller, J., dissents and votes to affirm in the following memorandum: The jury determined the degree of Drew's inability to hear normally and, with that in mind, decided that he exercised the care of the ordinary prudent person in entering the intersection with the traffic light green for him. I cannot say that such a finding is contrary to the weight of the evidence on the record in this case. Neither do I believe that the finding, implicit in the jury's verdict, that Rocque, the ambulance driver, was negligent is contrary to the weight of the evidence. The right of way granted the driver of an emergency vehicle sounding a siren is not absolute. He is not relieved from liability if he exercises the right of way arbitrarily or carelessly. (Vehicle and Traffic Law, § 82.) And he may run a red light only if he does so with caution. (§ 84.) There is evidence in this record from which the jury could properly find that the ambulance driver was exercising his right of way carelessly and was proceeding against the red light without caution. [See 1 A D 2d 793.]