William B. BpuEitnan, Jr., J.
The plaintiff wife was injured when an automobile operated by her was in collision with a police car and she seeks recovery for her injuries, while her husband asserts his derivative cause of action for medical expenses and loss of services.
The accident occurred on October 7, 1957, at about 5:40 in the afternoon on Dutch Broadway immediately east of the T-intersection which Nassau Street makes with Dutch Broadway on the northerly side thereof. At that point Dutch Broadway has two eastbound lanes and a parking strip on its northerly half and two westbound lanes and a parking strip on its southerly half. At the time and place in question the plaintiff wife was operating her automobile westerly in the center or passing westbound lane. The police car was being operated by the defendant police officer Kavanaugh in an easterly direction on Dutch Broadway. He was responding to an emergency call and had pulled out of the center or passing eastbound lane into the center westbound lane to pass several cars and was returning to the center eastbound lane when contact occurred between the left front end of the plaintiff’s automobile and the left rear end of the police car.
The police car had its siren and the flashing light on the exterior of its roof in operation. There is a conflict in the evidence as to whether the plaintiff’s car was in motion at the time of the accident; it is found that it was in motion at less than 10 miles per hour when contact occurred. Traffic eastbound on Dutch Broadway was substantial; traffic westbound was light.
The police car was being operated easterly in a westbound lane where it had no right to be under normal circumstances. However, subdivision 1 of section 82 of the Vehicle and Traffic Law as it read at the date of the accident stated (L. 1955, ch. 268): “ When in the performance of duty the following vehicles shall have the right of way: * * * police * * '* but this shall not relieve the driver or owner of any such vehicle from liability for injuries inflicted in consequence of the arbitrary or careless exercise of this' right.”
This has been construed to mean that all other things being equal a police car has a right of way under subdivision 1 of section 82, notwithstanding the right of way that the plaintiff might otherwise have (Booth v. City of Rochester, 258 App. Div. 849).
*1039 Therefore, the decisive issues are whether the warnings by siren and flasher had been given in time to enable the plaintiff to avoid collision and whether the police car had approached the intersection with due caution under the circumstances (cf. Brennan v. City of Albany, 284 App. Div. 997).
The court finds that proper warnings were given, that the police officer was authorized, in view of the emergency and the traffic conditions in the eastbound lanes of Dutch Broadway, to pull out into the westbound lane, and that he was not arbitrary, careless or reckless in so doing. Obviously the accident would not have occurred unless the police vehicle was at least partially in the westbound lane. Plaintiff, however, had a clear and unobstructed view of the situation, had the full use of the faculties of hearing and sight, and sufficient time in which to maneuver her vehicle in such a way as to avoid the accident. Her failure in this regard contributed to the occurrence. Judgment is therefore granted to the defendants.