Benjamin Brenner, J.
The plaintiff seeks to set aside a defendant’s verdict because of claimed error in that portion of my charge in which the jury was instructed relative to Traffic Regulation, section 2 (b) permitting the operator of an authorized emergency vehicle, such as the ambulance here involved, to exceed speed limits and to proceed past signal and stop *455 signs when responding to an emergency call. The instructions to which counsel objects were substantially as follows: “ you must consider whether or not the driver believed that an emergency existed and whether or not there was a reasonable basis for such belief. This does not mean that an emergency did actually have to exist, that is, from the point of view of what occurred subsequently or what he may have learned subsequently. Nor does it mean that if the driver believed there was an emergency without any basis for such belief, that he is then responding to an emergency call. In determining this question, you will consider all the factors which were presented to the driver, including whatever information he may have gotten prior to going out on this call and that he may have gotten from the hospital, from the patient, from the plaintiff and whatever he may have personally observed. If from all of this you conclude that the driver believed that he was on an emergency call and had a reasonable basis for such belief then you must find that this ambulance was being driven on an emergency call •and was therefore authorized to violate the traffic regulations to the extent that the law allows him to ’ ’.
No case has been called to my attention nor have I been able to discover any in this State which construes the phrase in the regulation “ responding to an emergency call.” The instructions above do indeed dwell upon the operator’s state of mind based upon facts known by him or brought to his attention provided they afford a reasonable basis for his belief that an emergency did exist. I find no error in this view of the matter which, apparently, is supported in other jurisdictions (Head v. Wilson, 36 Cal. App. 2d 244; Oakley v. Allegheny County, 128 Pa. Super. Ct. 8).
Apart from the plaintiff’s failure to record any exception to the phase of the charge above quoted, there appears to be no legal basis for disturbing the verdict. The motion is denied.