JOSEPH J. MEIGHAN, Respondent, v. RALPH WEHNAU, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Albany County, entered at Trial Term and from an order denying his motion to set aside the jury's verdict and for a new trial. At about 9:30 P.M. on November 23, 1959 an ambulance owned by Sand Lake Rescue Squad, Inc., and operated by defendant, while on an emergency mission, and a motor vehicle owned and operated by plaintiff collided at the intersection of 15th and Hoosick Streets in the City of Troy. It is not disputed that the rotating and flashing lights of the ambulance were in operation at the time of the collision. Before the accident the passenger car was proceeding easterly on Hoosick Street and the ambulance northerly on 15th Street. Concededly the traffic control light above the center of the intersection was green for the car and red for the ambulance. An apartment house surrounded by a hedge about three feet in height located at the southwest corner of the intersection and vehicles parked along the westerly curb of 15th Street tended to obstruct the view from the car. Plaintiff testified that he approached the intersection at a speed of from 20 to 25 miles per hour, first observed the ambulance when his vehicle was in its southeast quadrant, thereupon applied its brakes and turned the steering wheel sharply to the right. The left front and door of the car came in contact with the left hind quarter panel and rear bumper of the ambulance. Plaintiff's car windows were closed and his radio was in operation as he approached and entered the intersection. He further testified that he heard sounded no siren before the impact. A witness who operated a store at the northeast corner of the intersection testified that from its front window he observed the ambulance as it reached the crest of the hill to the south and proceeded downgrade toward the intersection "with the siren blowing very loud" but that "as it came down 15th Street the siren shut off." He further stated that he then turned his head to talk to a customer, heard the crash, looked out "and saw the ambulance came through a red light without the siren blowing". The ambulance driver testified that he observed plaintiff distant five or six car lengths to the west as he entered the intersection at a slowed speed of less than 20 miles per hour. He stated that he did not brake the ambulance until the impact and that it travelled thereafter about 200 feet northerly along 15th Street before coming to a stop. He testified that

the siren of the ambulance was sounding throughout the entire trip of several miles and as it approached and entered the intersection. There was corroborative evidence by accompanying members of the ambulance corps of the operation of the sound-producing device at these times. As the driver of an authorized emergency vehicle defendant by statute was permitted to proceed past the steady red signal but only after slowing down to a speed necessary for safe operation and to exceed the maximum speed limits of the municipality so long as he did not endanger life or property. His right to be so exempted was qualified by the requirement that he sound such an audible signal by siren as was reasonably necessary and did not relieve him from the duty to drive with due regard for the safety of all persons. (Vehicle and Traffic Law, §§ 1104, 1144.) In the state of this record we think that there are questions of fact whether the required warning was given, the approach to the intersection made with the caution commanded and whether plaintiff should have yielded the right of way. The kind of proof which we have here prevents our disposition of the decisive issues of negligence and contributory negligence as a matter of law. (*County of Broome* v. *Binghamton Taxicab Co.*, 276 App. Div. 438; *Wood* v. *County of Broome*, 13 A D 2d 881, motion for leave to appeal denied 10 N Y 2d 707.) The instant case is not controlled by *Bull* v. *Drew* (286 App. Div. 1138, motion for reargument denied 1 A D 2d 793) as appellant contends. There we noted specifically that "The proof is that the ambulance sounded the siren as it approached the intersection." On the proof here the jury could find that the siren was not operating audibly at that time. Moreover, in *Bull* the plaintiff was deaf which, as we said, left "him in the general position of being required to hear at his peril that which a normal driver would have heard." In the instant case the evidence would permit the inference that plaintiff would not have heard the siren had his windows been open and his radio turned off. Judgment and order unanimously affirmed, with costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.