Albert A. Oppido, J.
This is an appeal from the City Court of the City of Long Beach, wherein the defendant was convicted for a violation of section 1144 of the Vehicle and Traffic Law, in that she failed to yield the right of way to an emergency vehicle.
On December 21, 1961, at approximately 1:00 a.m., a police vehicle, owned by the City of Long Beach, was proceeding east on West Beach Street in pursuit of a speeding motor vehicle. At the intersection of Lindell Boulevard, which is controlled by a traffic light, the police vehicle proceeded through a red signal and collided with the defendant-appellant’s vehicle, which was traveling west on Lindell Boulevard.
The police officer testified that he had the siren and the emergency red light on and was traveling at the rate of 80 miles per hour. The police officer further testified that under normal conditions the red emergency light is visible from a distance of 500 feet; that the traffic light at the intersection of Lindell Boulevard and West Beech Street was red against him; that about 200 feet from the intersection he took his foot off the gas, at which time he was traveling 80 miles per hour and that he first saw the defendant when he was 60 feet from her at which time he was traveling at about 75 miles per hour.
The Uniform Table of Driver Stopping Distance Charts contained in volume 10 of American Jurisprudence (Proof of Facts, Appendix of Charts, fig. 21) setting forth the braking distance of cars traveling at various rates of speed refers to a maximum of 70 miles per hour and sets forth the braking distance for a car traveling at such rate of speed to be 486 feet.
*584 This court, in applying simple arithmetic, concludes that the police vehicle was traveling at the rate of 110 feet per second, while traveling at the rate of 75 miles per hour.
Therefore, the time that elapsed from the time when the police officer allegedly turned on his red light and siren to the time he entered the intersection of Lindell Boulevard and West Beach Street was less than 8 seconds, and the time that elapsed from this first observation of the defendant, 60 feet away, and the collision, was less than one second.
The police officer did not take his foot off the gas pedal until he was within 200 feet of the intersection and, therefore, would have been unable under any circumstances to stop his vehicle before entering the intersection.
Section 1144 of the Vehicle and Traffic Law, pursuant to which this defendant was convicted, reads as follows:
“ § 1144. Operation of vehicles on approach of authorized emergency vehicles, (a) Upon the immediate approach of an authorized emergency vehicle equipped with at least one lighted lamp exhibiting red light visible under normal atmospheric conditions from a distance of five hundred feet to the front of such vehicle other than a police vehicle when operated as an authorized emergency vehicle, and when the driver is giving audible signal by siren, exhaust whistle, or bell; the driver of every other vehicle shall yield the right of way and shall immediately drive to a position parallel to, and as close as possible to, the right-hand edge or curb of the roadway, or to either edge of a one-way roadway three or more lanes in width, clear of any intersection, and shall stop and remain in such position until the authorized emergency vehicle has passed, unless otherwise directed by a police officer.
“ (b) This section shall not operate to relieve the driver of an authorized emergency vehicle from the duty to drive with reasonable care for all persons using the highway.”
In reviewing the legislative intent dealing with section 1144 this court is convinced that before a defendant can be found guilty of its violation, the defendant must have a reasonable opportunity to comply.
All these events having occurred within 8 seconds, the totality of the facts do not permit this court to find that the defendant-appellant could possibly have had time to react to the situation. She could not, in such a short span of time, have avoided the subsequent collision nor could she have succeeded in getting out of the way of the oncoming vehicle.
Section 1104 of the Vehicle and Traffic Law refers to authorized emergency vehicles and the privileges extended thereto. *585 The very same section also prescribed restrictions regarding the privileges extended to such emergency vehicles.
Paragraph 2 of subdivision (b) authorizes an emergency vehicle to ‘ ‘ Proceed past a steady red signal, a flashing red signal or a stop sign, but only after slowing down as may be necessary for safe operation ”. (Italics supplied.)
Paragraph 3 of subdivision (b) authorizes an emergency vehicle to “ [e]xceed the maximum speed limits so long as he does not endanger life or property ”. (Italics supplied.)
Subdivision (d) states: “ The foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others ”. (Italics supplied.)
In Meighan v. Wehnau (17 AD 2d 879, 880) the Appellate Division, Third Department, held “ As the driver of an authorized emergency vehicle defendant by statute was permitted to proceed past the steady red signal but only after slowing down to a speed necessary for safe operation ”. (Italics supplied.) The very same case goes on to state that defendant was permitted to “ exceed the maximum speed limits of the municipality so long as he did not endanger life or property ”. (Italics supplied.) His right to be so exempted was qualified by the requirement that he sound such audible signal by siren as was reasonably necessary and did not relieve him from the duty to drive with due regard for the safety of all persons. (Vehicle and Traffic Law, §§ 1104,1144.)
In Brennan v. City of Albany (284 App. Div. 997) the court there stated: “ Assuming that the police car was on an emergency trip, it had the right of way, even against the red light, provided it was driven with caution and adequate warning was sounded”. (Italics supplied.)
The law relating to this matter is clear. It permits authorized emergency vehicles and its drivers certain privilges when acting in the performance of their duties, yet the very same law attaches a corresponding responsibility to the use of said-privilege. It prescribes certain procedures to be followed when exercising the privilege afforded by statute. The restriction contained in the statute is that the emergency vehicle must slow down as may be necessary for safe operation.
It is the decision of this court that the judgment be and is hereby reversed in that it is against the weight of the evidence, and the information is dismissed.