Benjamin Brenner, J.
The special jury verdict fixing responsibility upon plaintiffs Bravata and Vitiello, occupants of the police patrol car which had collided with defendant’s private automobile, is incomprehensible and against the weight of the credible evidence. Their verdict that defendant Russo operated her car in a negligent manner is completely in accord with the evidence for it crossed a white line from the southerly lane into the northerly lane in the middle of the street heading for a gas station in the path of the speeding police car behind her.
My difference with the jury is no mere difference as to a fact determination for I am convinced that the officers’ conduct was both legally warranted and factually unavoidable for the reasons: (1) that the police motor patrol car was an “ emergency vehicle ” as defined by section 101 of the Vehicle and Traffic Law responding to an “ emergency call” at the time and place of collision as contemplated by section 1104 of the Vehicle and Traffic Law, entitling it to speed on a northerly lane in a southerly direction, even without signalling; and (2) that the officers exercise the degree of care required of them in the emergency situation pursuant to said statutes.
Defendant Russo asserts that rule 62.0 of the Rules and Procedure of the Police Department of the City of New York in effect at the time of the occurrence excludes these officers from the protection of the statutes above cited because they were not then occupying the radio patrol car to which the emergency message was specifically directed, nor then located within a five-block radius of the location of the suspected criminal. I hold and have so instructed the jury that said police rule simply *378 compels a police vehicle so specifically directed or located within such five-block radius to respond to the emergency message but does not prohibit a similar response by police patrol cars within reasonable distance of the scene of the crime even if they then be located outside the five-block radius. While it is difficult on the evidence to determine whether the position of the police car was within or without the five-block radius, it was surely not so distant from the scene of the crime as to view the response by these officers as unreasonable and not in the line of duty or dangerous to the general public so as to exclude them from the protective provisions of the statutes.
No New York eases have been called to my attention which define a police “ emergency call ” under section 1104 of the Vehicle and Traffic Law but it seems clear to me that the only sensible construction of the statutes would be that an “ emergency call ” exists when, on receipt of the message, the police car occupants truly believe that an emergency exists and have reasonable grounds for such belief (Collman v. City of Beverly Hills, 40 Cal. App. 2d 570). If the meaning were otherwise, conscientious policemen would be penalized for responding to a police function and apathetic policemen rewarded for their abandonment of such function. The evidence is uncontradicted that an emergency call for the apprehension of a man with a gun was actually sent out and received by the officers, and that there was reasonable ground for their belief that the emergency did exist. Any contrary finding by the jury would be unrealistic and without factual basis. The patrol car was thus an ‘ ‘ emergency vehicle ” responding to an “ emergency message ” at the time and place of the collision. For a discussion as to my view of what constitutes an emergency ambulance call, see Delgado v. Brooklyn Ambulance Serv. Corp. (29 Misc 2d 454).
The degree of care to be exercised by an emergency vehicle responding to an emergency call is also set out in section 1104 and it is set out in a negative fashion. It specifies that violation of traffic laws and regulations as to speed and direction of traffic 1 ‘ shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others.” This statutory requirement for “ due regard ” for safety and avoidance of “ reckless disregard ” of safety is not such as to equate it with the care required of a reasonable driver of a nonemergency vehicle in the generally accepted definition of common-law negligence. Clearly their immunity from the regulations governing speed and direction of travel could only be *379 denied them, if there be evidence in the nature of gross negligence such as reckless disregard for safety and that evidence is totally absent in the case at bar. Moreover, though the police vehicle is authorized by said statutes to withhold signalling when responding to an emergency message, there was most convincing testimony that the car actually was flashing its signal and sounding its warning devices. On any view of the evidence, therefore, the officers have not been shown to have failed to exercise due care when, in responding to the call, their vehicle came upon the defendant’s car driven across the white line and into their path. The conclusion is unavoidable and overwhelming that the plaintiffs Bravata and Vitiello were not contributorily at fault and that the collision was proximately due to the negligence of said defendant, which latter fact was also the special finding of the jury.
The special findings of the jury as to the negligence of plaintiffs Bravata and Vitiello and the City of New York are therefore vacated and judgment is awarded them in their respective actions against defendant Marie Russo; damages to be assessed upon a trial before a court and jury at a Trial Term specified in the record.