Donald J. Mark, J.
The defendant, an ambulance driver, is charged with operating his ambulance 75 miles per hour in a 50-mile-per-hour zone in violation of section 1180 (subd' [b], par. 2) of the Vehicle and Traffic Law. He defends this charge upon the ground that section 1104 of the Vehicle and Traffic Law authorizes an emergency vehicle to exceed the speed limit when responding- to an emergency call. ; ■
Section 1104 provides so far as is applicable as follows :> (b) The driver of an authorized emergency vehicle may:' * * * 3. Exceed the maximum speed limits so long as he does not endanger life or property-”.. The said section further conditions this .exemption upon the driver’s sounding an audible signal by siren or otherwise and displaying at least one lighted red light. .
There is testimony proving that the ambulance in the course of its journey sounded a siren and.displayed a flashing red light, so these requirements of section 1104 were satisfied.
Albeit, the driver of an emergency vehicle may be convicted of speeding if he exceeds the speed limit in the absence of an emergency. , (People v. McIntosh, 35 Misc 2d 865.) However, the exemption of section 1104 will apply even if no áctual emergency exists," provided the driver believes he is on an emergency, call and has a reasonable basis for such a belief. (Delgado v. Brooklyn Ambulance Serv. Corp., 29 Misc 2d 454.)
In this case the defendant was contacted twice via radio by the ambulance dispatcher, and in both instances the emergency nature of his mission was impressed upon him. ' There is ample evidence not only" that the defendant believed he was responding to an emergency call but that he had a reasonable basis to so believe.
Although the driver of an emergency vehicle is responding to an emergency call, section 1104 allows him to exceed the speed limit only if he can do so without endangering life and property. (Meighan v. Wehnau, 17 AD 2d 879; People v. Rosen, 40 Misc 2d 583.)
The proof here shows that the defendant operated, .his ambulance 75 miles per hour in a 50-mile-per-hour zone at dusk on a four-lane, highway (two lanes in each direction) in fairly heavy traffic. All vehicles overtaken by the ambulance were able to yield the;right of way, and it maintained a constant speed to its destination without once" altering course.
’Section 1190 of the Vehicle ..and Traffic Law defines reckless driving in part asdriving * * .* in a manner which '*' * * unreasonably "endangers users of the public highway”. Yet the cases hold that speeding alone is insufficient to establish *301 reckless driving. (People v. Grogan, 260 N. Y. 138; People v. Sticht, 139 N. Y. S. 2d 667.)
It follows that if speeding alone does not unreasonably endanger the users of the public highway (the language of § 1190), then speeding alone does not endanger life or property (the language of § 1104). Nevertheless there must be a limit to the immunity afforded the driver of an ambulance on an emergency call.
This defendant is in the twilight zone between the exemption (exceeding the speed limit) and the prohibition (endangering life and property) of section 1104, so reasonable doubt is resolved in his favor. But the arrest was a valid exercise of the discretion of the arresting officer, since it is not his responsibility to weigh the law and the facts in a borderline case.
This decision should establish no precedent; it is applicable only to the instant case. The defendant is found not guilty.