William Harvey GURGANAS, Appellant,

v.

W. K. HUNTEMANN & SON FUNERAL HOME, Appellee.

No. 4510.

District of Columbia Court of Appeals.

Argued Feb. 24, 1969.

Decided May 7, 1969.

John J. Frank, Washington, D. C., for appellant.

John C. Williams, Washington, D. C., for appellee. Jacob S. Levin, Langley Park Md. also entered an appearance for appellee.

Before KELLY, KERN and GAL-LAGHER, Associate Judge.

KELLY, Associate Judge.

After trial by the court appellee was awarded a judgment for damages sustained in an automobile accident in the total amount of $1,286.53, consisting of property damage in the sum of $1,036.53 and damages for loss of use in the sum of $250. Judgment was also entered for appellee on appellant's counterclaim.

The subject accident was a typical intersectional collision which occurred early one morning in December, 1966. At trial there was the usual testimony with respect to weather, speed, distances, skid marks, condition of the traffic lights, results of the police investigation, and types of vehicles, with testimony that appellee's vehicle was an ambulance traveling with red lights flashing and siren sounding. Certain traffic regulations were also introduced into evidence, including Section 50(a)[1] which was admitted over appellant's objection. After hearing the conflicting versions of the accident the trial judge concluded the factual issues of negligence and proximate cause in favor of appellee.

Appellant contends that Section 6(a) of the Traffic Regulations,[2] which was not introduced in evidence, permits an emergency vehicle to exercise certain privileges with respect to other traffic only "when responding to an emergency call" and argues that there is no competent evidence in this case that appellee's ambulance was on an emergency run. Appellant claims such evidence is essential because the language quoted above is also, inferentially, a part of Section 50(a) and a necessary part of the proof of negligence in this type of case.

Section 6(a) was not introduced into evidence for the reason that when appellee's witness was asked the nature of the telephone call which summoned the ambulance, appellant's objection to the question on the ground of hearsay was sustained by the court. Consequently, appellee relied only upon Section 50(a) of the regulations. In our judgment, this testimony should have been admitted.

■■■ The prevailing law is that it is the state of mind of the driver of an emergency vehicle, based upon information received, which determines if he is responding to an emergency call, not whether an emergency in fact exists.[3] To be competent, there is no requirement that evidence as to the nature of the call requesting an ambulance be introduced through the testimony, in this case, of the police officer who made the call, through records, or through the testimony of the injured party. The person who receives the information is competent to relate whatever was told him which led him to believe that the call was an emergency one, such testimony being admitted only for the limited purpose of showing his state of mind.[4]

■■■ However, given the fact that evidence as to the nature of the telephone

---

1. D.C. Traffic and Motor Vehicle Regulations, Part I, § 50:
   (a) Upon the immediate approach of an authorized emergency vehicle making use of audible and visual signals meeting the requirements of Section 131.1 of these regulations, or of a police vehicle properly and lawfully making use of an audible signal only:
   1. The driver of every other vehicle shall yield the right-of-way and shall immediately drive to a position parallel to, and as close as possible to, the right-hand edge or curb of the roadway, clear of any intersection, and shall stop and remain in such position until the authorized emergency vehicle has passed, except when otherwise directed by a police officer.

2. D.C. Traffic and Motor Vehicle Regulations, Part I, § 6:
   (a) The driver of an authorized emergency vehicle, *when responding to an*

*emergency call* or when in the pursuit of an actual or suspected violator of the law or when responding to but not upon returning from a fire alarm, may exercise the privileges set forth in this section, but subject to the conditions herein contained. (Emphasis supplied)

3. Adams v. Manchester Ins. & Indem. Co., 385 S.W.2d 359 (Mo.App.1964); Delgado v. Brooklyn Ambulance Serv. Corp., 29 Misc.2d 454, 211 N.Y.S.2d 297 (1961); Lakoduk v. Cruger, 48 Wash.2d 642, 296 P.2d 690 (1956); Gallup v. Sparks-Mundo Eng'r Co., 43 Cal.2d 1, 271 P.2d 34 (1954); Head v. Wilson, 36 Cal.App. 2d 244, 97 P.2d 509 (1939).

4. Head v. Wilson, *supra* note 3; Nick Bombard, Inc. v. Proctor, D.C.Mun.App., 47 A.2d 405 (1946); *cf.* Lakoduk v. Cruger, *supra* note 3; Gallup v. Sparks-Mundo Eng'r Co., *supra* note 3. *See also*, Guaranty Dev. Co. v. Circle Paving Co., D.C.Mun.App., 83 A.2d 160, 162 (1951).

call was excluded by the ruling of the trial court, there is other testimony of record from which the trial judge could reasonably have inferred that appellee's vehicle was on an emergency run. The driver testified that the ambulance was an authorized emergency vehicle which he was licensed to operate under emergency conditions. He was told by his partner of an emergency call just received and they both grabbed their coats, got in the ambulance, turned on the red lights and siren, and proceeded towards their destination. The employee who received the call also testified that it was an emergency call. Additionally, the police officer testified without objection that he was told by the driver that the ambulance was on an emergency run.[5] In the absence of contrary evidence we hold this testimony sufficient to support a finding that at the time of the accident appellee's vehicle was responding to an emergency.

We do however agree with appellant's second claim of error; namely, that appellee failed to prove damages for loss of use. A witness, the employee, said only that appellee lost a considerable number of calls while the ambulance was being repaired. A list of the number and dates of those calls was introduced in evidence, but the list did not contain any notation of the value of the calls lost, nor was there any other testimony as to their value. It was therefore error to award appellee damages for loss of use in the sum of $250 and we direct that the total judgment be reduced by that amount. Otherwise, the judgment as modified is

Affirmed.

5. Answers to interrogatories reveal that the ambulance was summoned by the police to pick up a Mr. Pope and to transport him to the hospital.