CRUZ RIVERA et al., Appellants, *v.* W. & R. SERVICE STATION, INC., et al., Respondents, et al., Defendant.

First Department, April 9, 1970.

*Irwin Strum* for appellants.

*James M. Gilleran* of counsel (*Edward L. Milde,* attorney), for W. & R. Service Station, Inc., respondent.

*William J. Regan* of counsel (*Benjamin Purvin,* attorney), for Gilberto Feliciano, respondent.

McGIVERN, J.   'Twas on a summer's evening, June 30, 1963, on Bruckner Boulevard, which is in The Bronx.   And Luis Rivera was rolling home in the family Chevrolet, after a Sunday visit to the Bronx Zoo.   At his side was his spouse, Mrs. Cruz Rivera.   When out of a gas station located at the intersection of Bruckner and Brook Avenue there sped a Ford sedan, 1954 vintage.   The cars collided.   At the wheel of the Ford was one, Angelo Francisco Ayala, an employee of the defendant W. & R. Service Station, Inc.

At a jury trial it developed that the Ford had been left at the station by one, Ramon Acevedo, who had unfettered custody of the car from his cousin, Gilberto Feliciano.   Feliciano was a merchant seaman and, as Acevedo said, "while he was away, you know, on the ship, I used to use his car."   On the day before, a Saturday, Acevedo, experiencing carburetor trouble, brought the car to the W. & R. garage.   Ayala, employed as an attendant, told Acevedo the mechanic had left for home and would not return until Monday.   Thereupon, they came to terms:   Ayala would do the work, after his regular hours, on a "moonlighting" arrangement; he would pocket the money because, as he well and truly said, "Because I got nine kid. I got to do something."   The owner of the garage was not present at any time that weekend.   Indeed, he did not learn of the accident until days afterward.

On these facts, the case went to the jury.   The owner of the garage and the owner of the Ford car were both liberated by the jury.   The one to be. held, Ayala, the "moonlighting" attendant with nine children, although a defendant, defaulted. He does not read English, did not even know he was being sued, and he has been legally disowned by his employer and by the owner of the car he was driving.   And against him the court awarded judgment in the sum of $46,416.90.   Thus, nearly seven years after the accident, we have for review a worthless judgment held by two innocent victims of an auto accident, in an auto age, found by a jury to be free of any contributory negligence.

It is our view that the judgment in favor of the defendant, Feliciano, cannot be permitted to stand because a substantial right of the plaintiffs was prejudiced, warranting a new trial as to Feliciano.   (See CPLR 2002.)   This was occasioned by the request of counsel for Feliciano, asking the court for a charge in respect of the burden of the plaintiffs, relative to permission by the owner to the driver of the car.   The attorney, after hav-

ing first noted an exception to the court's charge, requested the court to charge categorically that the plaintiffs had the burden of proving that the automobile "was being operated with the permission of the owner." In this request, the court unqualifiedly acquiesced. However, section 388 of the Vehicle and Traffic Law, which the court did not incorporate in its charge, has been repeatedly construed by appellate courts so as to create a presumption that the driver was using the vehicle with the owner's permission, express or implied. True, the presumption is rebuttable, but it is a continuing presumption and can be rolled back only by "substantial evidence to the contrary." (*Leotta* v. *Plessinger*, 8 N Y 2d 449, 461; *De Lancey* v. *Nationwide Ins. Co.*, 26 A D 2d 631; *Reyes* v. *Sternberg*, 27 A D 2d 828.) In this case, the owner, Feliciano, did not testify. And there was little evidence, if any at all, to negate the continuing presumption that the Feliciano car was operated by Ayala with the owner's consent transmitted by his permittee, Acevedo. As the attorney for Feliciano said: "neither Ayala nor the person who brought the car in gave any evidence whatever along these lines. In fact, this subject apparently never came up." Indeed, if the attorney for the plaintiffs, on this record, had moved for a directed verdict against Feliciano, before the charge, in our view, he would have been entitled to it. In our opinion, however, the failure to direct the jury correctly on this crucial point adversely affected a substantial right of plaintiffs, bereaved them of an advantage given them by the statute, and merits a new trial as to this defendant, Feliciano. (*Trembly* v. *Deso,* 235 App. Div. 15.)

Now, it may be urged that the plaintiffs are beyond appellate help. Their attorney stood mute in the presence of the court's charge. He made no requests. Neither did he note an exception. But the cases are not few where, even though an exception not be taken, if the error is of such a fundamental character and the resultant injustice so egregious, that an appellate court will take hold of it in the general exercise of the court's power to reverse and grant a new trial in the interests of justice. (*Salzano* v. *City of New York,* 22 A D 2d 656; *Corcoran* v. *O'Brien,* 21 A D 2d 838; *De Joseph* v. *Gutekunst,* 13 A D 2d 223; *Bulat* v. *O'Brien,* 13 A D 2d 904; *Booth* v. *City of Rochester,* 258 App. Div. 849; *Uliaszek* v. *Buczkowski,* 259 App. Div. 967. See, also, 2A Weinstein-Korn-Miller, par. 2002.01; vol. 4, par. 4017.09; vol. 7, par. 5501.11.)

And we have such a case here. The materially erroneous, or at least deficient, charge (*supra*) was delivered after the main charge and in response to an explicit request. And fur-

ther confusion was wrought by the fact that previously the court had charged " The defendants do not have the burden of proving anything in this lawsuit." Such a charge ignores the mandate of the statute (Vehicle and Traffic Law, § 388) which imposes the continuing presumption of consent upon the owner, Feliciano, compelling him to come forward with substantial evidence to the contrary — which he neither did nor attempted to do. The deficiency in the charge constituted not simple " nondirection ", but clear " misdirection ". (See *Haefeli* v. *Woodrich Eng. Co.*, 255 N. Y. 442.)

In contradistinction, the verdict in favor of the defendant W. & R. Service Station, Inc., must stand. It cannot be said that the record, as to this defendant, so greatly preponderates in favor of the plaintiffs as to establish the jury's verdict " could not have been reached upon any fair interpretation of the evidence." This is the test. (*Lalomia* v. *Biggers*, 25 A D 2d 742; *Bravata* v. *Russo*, 21 A D 2d 689.) In the instant case, the evidence against W. & R., on the issue of *respondeat superior*, was tenuous at best. The trial court was correct in its evaluation of this evidence as a " borderline case." Yet, the issue was submitted to the jury in an errorless charge as a question of fact, and neither the attorney for W. & R. nor the plaintiffs' attorney noted any exception. Nor is any error claimed by plaintiffs' attorney in respect of evidence. That the jury understood the issue is evidenced by their request for a repetition of the charge regarding the liability of W. & R. The jury having passed on this issue as a question of fact, its verdict is final, and the defendant W. & R. should not be subjected to a second trial. This would be the equivalent of some species of civil " double jeopardy," and it cannot be countenanced.

Accordingly, we direct that the judgment be modified on the law and the facts and in the interests of justice, so as to vacate judgment in favor of the defendant Feliciano and to direct a new trial in the action against the defendant Feliciano, and as so modified, affirmed, without costs and without disbursements.

McNALLY, J. (dissenting in part). I vote to affirm.

In this negligence action, plaintiffs appeal from parts of a judgment after a jury trial which dismissed the complaint in respect of defendants-respondents.

The jury found defendant Ayala negligent and both plaintiffs not negligent. They also found that Ayala had no permission to drive the car from its owner, Feliciano, or his permittee, Acevedo, and that Ayala was not operating the car within the scope of his employment.

Since there were no exceptions taken to the Trial Judge's charge, the charge became the law of the case (*Kluttz* v. *Citron,* 2 N Y 2d 379, 383–384): "Even if we could reach that question on its merits, the state of the record is such that it is not at all clear that it has been preserved for review by the taking of a timely and proper exception, without which the instruction, even if erroneous, becomes the law of the case."

We have repeatedly held a jury verdict in favor of a defendant should not be set aside unless the evidence so preponderates in favor of the plaintiff that no fair view of the record sustains it. (*Salvitelli* v. *Janusz,* 19 A D 2d 886; *Marton* v. *McCasland,* 16 A D 2d 781, and cases therein cited.) Although this court has inherent power to grant a new trial in the interest of justice, this case does not present an adequate basis for its exercise.

An objective review of the issues is not advanced by adverting to the alleged social status and financial irresponsibility of the judgment debtor herein, which was not an issue on the trial and is irrelevant on the issue of liability.

The unanimous affirmance of the judgment in favor of defendant-respondent, W. & R. Service Station, Inc., leaves open the issue of liability as to the defendant Feliciano. In the evening of June 30, 1963, Feliciano's automobile collided with that of plaintiff Luis Rivera. On the previous day, one, Acevedo, operating Feliciano's car with his consent, left it at the service station of defendant W. & R. Service Station, Inc. with its employee, the defendant Ayala, to repair or replace the carburetor. Implicit in the jury's verdict for the defendant W. & R. Service Station, Inc. is that Ayala personally undertook the work and that he was not the agent or employee of W. & R. Service Station, Inc. in that regard.

Ayala completed the work on Feliciano's automobile on the day it was left. The accident occurred on the evening of the following day, in the vicinity of the service station. The record does not establish the relation, if any, between Ayala's operation of the Feliciano car at the time of the occurrence and the work on it. It does not appear that the work on the car required its testing by operation of it on the public highway, or that such use was otherwise connected with the servicing of the automobile (cf. *Zuckerman* v. *Parton,* 260 N. Y. 446). Even if it be assumed that Feliciano himself left the car with Ayala, there would be a jury question as to his liability, because there is no evidence relating Ayala's use of the car with the repair for which it was left in his custody. (*May* v. *Heiney,* 12 N Y 2d 683; *Leotta* v. *Plessinger,* 8 N Y 2d 449; *Reyes* v. *Sternberg,* 27 A D 2d 828; *Cosimo* v. *Hollenbeck,* 19 A D 2d 921; *Brindley* v. *Krizsan,*

18 A D 2d 971.) Here, in addition, there is no evidence vis-à-vis Acevedo and Ayala of authority to operate the car for any purpose on the day of the occurrence or any other time. On the contrary, Acevedo testified he did not give permission " to drive that automobile anywhere " other than the service station where he had brought it to be fixed. In the circumstances, the prevailing opinion, in concluding that plaintiffs would have been entitled to a directed verdict against Feliciano, is grossly in error. In *Reyes* v. *Sternberg* (*supra*) under similar circumstances, we held that the issue of permissive user of an automobile on the part of an automobile mechanic with respect to its registered owner was a fact issue for the jury.

In addition to ignoring the record, the majority *sua sponte,* assigns error to the additional charge that plaintiffs had the burden of proving the automobile was being operated with the owner's permission. Plaintiffs do not make a point of said charge. The charge is unquestionably correct. (*St. Andrassy* v. *Mooney,* 262 N. Y. 368, 371.) It is simply a corollary of the principle that plaintiffs have the burden of establishing their case by a preponderance of the evidence. The majority, again *sua sponte,* reasons that the failure to charge the presumption of the owner's permission under section 388 of the Vehicle and Traffic Law was prejudicial error. Plaintiffs did not request such a charge. The record establishes the court did charge the effect of section 388 as follows:

" Ownership of a car is prima facie evidence of the owner's responsibility for an accident caused by a driver's negligence.

" Permission to a third party to operate a motor vehicle may be implied if the owner leaves the car with a third party for repair which the owner knows or has reason to believe necessitates driving the car on the highway.

" An owner is liable for the negligence of any person to whom he has expressly or impliedly given permission to use or operate his motor vehicle."

Plaintiffs' summation also included the argument: " Now, the law makes Gilberto Feliciano responsible for the accident. This is to say, if the automobile was being driven with the consent, implied or expressed, of the owner of the car, then the owner is liable, which is a good law. It's there for a reason."

On this record, it cannot be fairly said that the verdict in favor of appellant Feliciano is not sustained by the record. In addition to the absence of any exceptions to the charge, the record does not establish any error in the charge. There is no predicate for the direction of a new trial in the interest of justice where, as here, the case has been carefully, fairly and fully

tried, without legal error. On the contrary, justice is poorly served if the record is ignored to sustain the direction of a new trial on grounds not relied on by the appellants, especially in view of the fact that the defendant Feliciano had a cross complaint over against W. & R. Service Station, Inc. which was dismissed in the light of the verdict.

CAPOZZOLI, J. P., NUNEZ and TILZER, JJ., concur with McGIVERN, J.; McNALLY, J., dissents in opinion.

Judgment so far as appealed from modified on the law and the facts and in the interests of justice, so as to vacate judgment in favor of the defendant Feliciano, to sever the action and to direct a new trial in the action against the defendant Feliciano, and as so modified, affirmed, without costs and without disbursements.