■ CHRISTOS KAZALES et al., Infants, by Their Father and Natural Guardian, DEMITRIOUS KAZALES, et al., Appellants, v MINTO LEASING, INC., et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered September 20, 1977, which is in favor of defendants, upon a jury verdict. Judgment reversed, on the law and in the interest of justice, and new trial granted, with costs to abide the event. This action arose out of an accident in which a taxi driven by the defendant Kenneth Zudor, and owned by the defendant DTV Private Car Service, collided with a truck driven by the defendant John Pohold, and owned by the defendant Minto Leasing, Inc., which occurred at 3:00 P.M. on a clear day. The road condition at the time of the accident was dry and good. The plaintiffs are a grandmother, her daughter-in-law, the daughter-in-law's two small infant children and the husbands of the grandmother and her daughter-in-law. The two women were on their way to visit a pediatrician with the children. At the intersection of 69 Street and 35 Avenue, Queens, the taxi was struck on the front part of its right side by the truck. The testimony of the sole witness who had seen some of the events leading up to the accident, the grandmother, was that the taxi was about to make a left turn when it was struck by the truck, which was coming fast against a red light. She could not testify as to what had happened at the moment of impact because, when she saw the truck, she bent her head down and was holding the two-year-old, the older child, in her lap. No testimony was introduced by defendants, who rested without presenting any evidence. The mother had seen nothing and so testified. The trial was bifurcated and the testimony was limited to the issues of the defendants' negligence. No claim was made that the plaintiffs had been contributorily negligent. They had all been passengers in the back seat of the cab. The trial court charged the jury that "Negligence must never be inferred" and that the "happening of an accident, while regretted, creates no liability nor does it create a presumption of liability on the part of any of the parties nor does it mean that someone is responsible nor does it mean that someone should pay the damage." The court also charged that the plaintiff "has the responsibility of bringing in the testimony to establish his case and if he doesn't do it he doesn't have a case." No exception was taken by plaintiffs' counsel to these instructions. Neither did plaintiffs' counsel call either of the drivers of the colliding vehicles as hostile witnesses. The jury found for the defendants by a vote of five to one. This case presents an unfortunate example of how persons suffering personal injury in a two-vehicle accident, who were backseat passengers and clearly free from contributory negligence, and who were unable to testify fully or clearly as to any acts of negligence by the others involved in the

accident, or who could not testify intelligently as to any acts of negligence by either or both of the drivers of the vehicles involved, are left without remedy where the defendants offer no evidence as to the cause of the accident and where they have not been deposed. Of course, such a lack of evidence from the plaintiffs is often remedied when the defendants offer evidence in their own behalf and, in an effort to avoid or minimize their separate liabilities, point accusatory fingers at the other driver's alleged negligence. But here the defendants' abstention from offering testimony, when coupled with the trial court's instructions to the jury as to its inability to infer negligence and that the happening of an accident creates neither a presumption of liability nor a presumption that someone is responsible or should pay the damages, left the plaintiffs without remedy for their injuries, even though it is clear that at least one or both defendant drivers had played a role in causing the accident in which the plaintiffs were injured and that there had been some negligence which contributed to the accident. Further, the "taxi defendants", as operators of a common carrier, were required to exercise the utmost care and diligence for the safety of their passengers. Thus, when a carrier for hire is in collision with another vehicle, it is called upon to go forward with proof to explain the cause of the occurrence. Here the "taxi defendants" failed to carry out their duty of explanation (see *Plumb v Richmond Light & R. R. Co.,* 233 NY 285, 289; *Bressler v New York R. T. Corp.,* 270 NY 409, 413), and the trial court, in its charge, did not call this failure to the attention of the jury. The erroneous, or at least deficient, charge clearly wrought confusion in the jury. There was uncontradicted testimony by the plaintiffs' witness that the day was clear, the streets dry, the truck was coming at high speed against the light and the taxi was turning left. The court's instructions to the jury that it was barred from inferring negligence could only serve to confuse it. The deficiency in the charge constituted not simple "non-direction", but clear "misdirection" (see *Haefeli v Woodrich Eng. Co.,* 255 NY 442, 445). Although the plaintiffs' attorney stood mute in the presence of the court's charge and neither requested a clarifying charge nor took an exception, "the cases are not few where, even though an exception not be taken, if the error is of such a fundamental character and the resultant injustice so egregious, that an appellate court will take hold of it in the general exercise of the court's power to reverse and grant a new trial in the interests of justice. (*Salzano v. City of New York,* 22 A D 2d 656; *Corcoran v. O'Brien,* 21 A D 2d 838; *De Joseph v. Gutekunst,* 13 A D 2d 223; *Bulat v. O'Brien,* 13 A D 2d 904; *Booth v. City of Rochester,* 258 App. Div. 849; *Uliaszek v. Buczkowski,* 259 App. Div. 967. See, also, 2A Weinstein-Korn-Miller, par. 2002.01; vol. 4, par. 4017.09; vol. 7, par. 5501.11.)" (*Rivera v W. & R. Serv. Sta.,* 34 AD2d 115, 117.) This is such a case. Accordingly, we reverse and remand for a new trial. Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.