■ WALTER J. PIKE, as Administrator of the Estate of LEONA M. PIKE, Deceased, Respondent, v. ERNEST R. PRICE, Appellant, et al., Defendant.— Appeal by the defendant Price (1) from a judgment of the Supreme Court, entered in Schenectady County on February 10, 1971, in favor of plaintiff, and (2) from an order of said court, entered February 17, 1971, denying defendant's motion to set the verdict aside. This negligence action arises out of a two-car collision which occurred on January 11, 1968 at the intersection of Route 155 and Albany Street in the County of Albany. Defendant Price was proceeding northerly on Route 155 and defendant Pike westerly on Albany Street. Decedent Leona Pike was riding in the right front seat of the Pike vehicle. There was a stop sign for westbound traffic on Albany Street. Both operators were familiar with the intersection. The left front of the Pike car was in collision with the right front of the Price vehicle. The jury found both drivers negligent and awarded plaintiff the sum of $60,000 for the wrongful death action and $13,000 for conscious pain and suffering. Only the defendant Price appeals and he maintains that the verdicts are excessive and not supported by the weight of the credible evidence. An examination of the evidence reveals there is conflicting testimony as to the manner in which these drivers approached the intersection. Price testified he saw the Pike car when both were 100 feet from the intersection. He was proceeding about 30 miles an hour. He slowed down to approximately 10 miles an hour. He believed the Pike car would stop. Just before the collision he accelerated. He did not blow a horn. Pike testified she stopped at the stop sign which was some distance back from the intersection. She looked both ways. Her view to the south was unobstructed for some 500 feet. She did not see the other car before the collision. She was going about 5 miles per hour. A disinterested witness testified he saw both cars simultaneously. Price was 100 to 150 feet from the intersection and proceeding at about 40 miles per hour. The Pike vehicle was at or entering the intersection and proceeding at five miles per hour. Neither vehicle decreased its speed before the collision. On this testimony the jury could properly conclude that both drivers were negligent. The questions of fact and those of credibility were for the jury to determine. Since the proof must be viewed most favorably to the verdict, we should not disturb the jury's determination on the question of liability. (*Hannan* v. *Schmitt*, 18 A D 2d 854.) Decedent was 39 years of age, single, with a pre-existing cardiovascular problem. She had a life expectancy of 36.56 years. Her father was 59 years of age with a life expectancy of 16.40.

Decedent was steadily employed and earned $80 a week. Her father was unable to take care of himself. She took care of all his needs. Under these circumstances, it is our opinion that the verdict of $60,000 is excessive and should be reduced to $40,000. As to the conscious pain and suffering, the decedent was confined to the hospital from the date of the accident until January 25 when she died from a pulmonary embolism. When the doctor first saw her she was in acute distress with deep lacerations of both knees, a laceration behind the ear; she was in pain and sustained a considerable loss of blood; and she had a complete fracture of the thigh bone. An open reduction was necessary. She was put in traction and continued to have pain. Her medical expenses were approximately $1,600. On this record we cannot say that $13,000 was excessive. Judgment modified, on the law and the facts, so as to direct a new trial as to damages only, unless within 20 days after service of a copy of the order to be entered hereon, plaintiff shall stipulate to reduce the verdict in the cause of action for wrongful death to $40,000 and interest, in which event the judgment, as reduced, is affirmed, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur.