■ GEORGE KALLASY, Respondent, v NEW YORK TELEPHONE COMPANY, Appellant.—Appeal from a judgment of the Supreme Court, entered February 15, 1978 in Franklin County, upon a verdict rendered at a Trial Term, in favor of plaintiff. This is a negligence action arising out of an automobile accident which occurred on October 26, 1973 at 2:00 P.M. on Route 3 between Tupper Lake and Saranac Lake. Route 3 is a two-lane highway and runs east and west. Plaintiff, alone in his car, was driving easterly. He came upon a curve in the highway where defendant's employees were engaged in replacing pole No. 185. The defendant's truck was parked along the south shoulder of the highway. When plaintiff observed the truck and other vehicles stopped in his lane of travel, he applied his brakes, his car skidded and veered into the westbound lane and collided with a westbound vehicle. The instant action was commenced alleging, among other things, that defendant was negligent in positioning its equipment in front of pole No. 185. After a trial the jury returned a verdict in favor of plaintiff. On this appeal defendant raises several issues urging reversal. Initially, defendant contends that the verdict was against the weight of the credible evidence. More specifically, defendant argues that plaintiff failed to establish his freedom from contributory negligence and negligence on the part of the defendant. We disagree. There was a sharp conflict in much of the testimony on these issues. This presented questions of fact and credibility which the jury implicitly resolved in plaintiff's favor. On this appeal, therefore, we must view the evidence most favorable to plaintiff *(Pike v Price*, 37 AD2d 1037). Considering the record in its entirety, particularly the photographic exhibits, the jury could have found that plaintiff was operating his vehicle well within the speed limit; that the curve was a sharp one limiting plaintiff's visibility to the east; that defendant's vehicle was stationed partly in the highway at the apex of the curve; and that there was ample space to park the vehicle completely on the shoulder. The jury could also have determined that at the time of the accident the flagman was not at his proper post. Consequently, the jury could conclude defendant was negligent and plaintiff was free from contributory negligence. We should not disturb the jury's determination unless no reasonable person would solve the litigation in the way the jury chose to do *(Fidler v Rowe*, 54 AD2d 1013). We also reject defendant's contention that the court erred in charging the emergency rule and defendant's possible violation of subdivision (a) of section 1201 of the Vehicle and Traffic Law. As to the emergency charge, the court clearly stated that it was up to the jury to determine the applicability of the emergency rule. Such charge was, in our view, proper. Upon examination of the Vehicle and Traffic Law, we find no merit in defendant's contention that its vehicle was excluded from the application of subdivision (a) of section 1201 of the Vehicle and Traffic Law due to the fact

that it was a hazard vehicle. A careful reading of the charge in its entirety establishes that the court fairly and properly presented the law and the various issues to the jury. Finally, the court, in our opinion, properly permitted the plaintiff to prove his expenditure of $125 per week in payment for a substitute in his business while he was disabled *(Perlman v Shanck,* 192 App Div 179). We have examined the other issues raised by defendant and find them unpersuasive. The judgment should be affirmed. Judgment affirmed, with costs. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur.