■ PETER O'FARRELL et al., Respondents, v RALPH INZEO, Appellant. RALPH INZEO, et al., Plaintiffs, v PETER O'FARRELL, Defendant.—Judgment, Supreme Court, Bronx County, entered March 30, 1979, after a jury trial on the issue of liability only, unanimously reversed, on the law, with costs, and the matter remanded for a new trial. Plaintiff Peter O'Farrell testified that the weather was clear, the roadway dry and level, with a straight bend at the accident site. He was driving in heavy traffic, at 35 to 40 miles per hour, in the westbound left lane, on the Cross-Bronx Expressway, with visibility of several hundred yards, when he collided with the rear end of defendant Ralph Inzeo's car, which was stopped at the time. He stated he noticed the defendant's car when he was about three car lengths away and applied the brakes and undertook to veer to the right, but the impact occurred nevertheless. The traffic was described by plaintiff as heavy and as fast moving.

He further declared that at the time he noticed the defendant's stopped vehicle, he saw no traffic in front of that car. Defendant testified that he was traveling westbound in the left lane, at approximately 30 miles per hour, because of the heavy traffic condition. The congestion eventually forced defendant to stop his vehicle a distance of 10 to 12 feet behind the vehicle in front, which was also stopped. Traffic was apparently proceeding in a stop-and-go fashion in the other two lanes. No cars were immediately visible to defendant in the rear of his vehicle in the left lane at this time. After an interval of some 15 to 20 seconds, defendant was struck in the rear by the O'Farrell vehicle. The jury returned a verdict finding both drivers negligent, with liability attributed at 60% to the defendant and at 40% to plaintiff. The verdict is against the weight of the credible evidence. "It is negligence as a matter of law to drive a motor vehicle at such a rate of speed that it cannot be stopped in time to avoid an obstruction discernible within the driver's length of vision ahead of him. This rule is known generally as the 'assured clear distance ahead' rule * * * In application, the rule constantly changes as the motorist proceeds, and is measured at any moment by the distance between the motorist's vehicle and the limit of his vision ahead, or by the distance between the vehicle and any intermediate discernible static or forward-moving object in the street or highway ahead constituting an obstruction in his path. Such rule requires a motorist in the exercise of due care *at all times to see, or to know from having seen,* that the road is clear or apparently clear and safe for travel, a sufficient distance ahead to make it apparently safe to advance at the speed employed." (4A NY Jur, Automobiles and Other Vehicles, § 720; emphasis supplied.) Plaintiff's statement—"Driving along in the left lane and suddenly, traffic was moving heavy * * * suddenly I saw this car stopped in front of me, slammed on my brakes, made an attempt to turn to the right to avoid it, and that was the accident" is an insufficient explanation in light of the "assured clear distance ahead" rule to serve as a predicate for the jury's affixing the major responsibility for the accident upon defendant. There is no direct testimony of a sudden stop. In this regard, plaintiff's story that he did not see defendant's stopped vehicle until three car lengths away while traveling at some 35 to 40 miles per hour, and in the brief interval between this initial observation and the impact, observed no cars in front of the defendant's vehicle is very suspect. By way of analogy, we note our prior observation in *Abrams v Gerold* (37 AD2d 391, 394): "Since the physical facts demonstrate that appellant's * * * vehicle must have been there to be seen, Frost's testimony that he 'looked in the direction of an approaching car in full view and did not see it' is 'incredible as a matter of law' ". Parenthetically, we also note that in view of the lack of evidence as to "sudden stop," the charge improperly amplified the "sudden stop" aspect of this case, however vague, and thereby served also to undercut clarification to the jury of the doctrine of proximate causation and the plaintiffs' burden to prove their case by a fair preponderance of the credible evidence. In view of the aforesaid, we do not reach the issues raised regarding the police accident report. Concur—Birns, J. P., Fein, Ross, Lupiano and Bloom, JJ.