■ BERNARD TITLEBAUM, Individually and as Parent and Natural Guardian of ANDREW TITLEBAUM, an Infant, et al., Respondents, v LOBLAWS, INC., et al., Appellants, and CUSTOM BEVERAGE PACKERS, Third-Party Defendant. —Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff Maxanne Titlebaum purchased from defendant Loblaws, Inc., a bag of groceries and, upon returning home her infant son, Andrew, placed the bag on a stovetop and began to remove the groceries. As he removed a bottle of soda it exploded, allegedly without coming in contact with anything. As a result some of the flying glass injured Andrew and his mother, who was standing nearby. Maxanne and her husband Bernard brought action against Loblaws, Inc., the vendor, Anchor Hocking Corporation (Anchor), the manufacturer of the bottle, and Custom Beverage Packers (Custom), the bottler for Loblaws, Inc. and the action was tried on the theories of breach of warranty, negligence and strict liability. The husband's action was derivative for expenses that he incurred by reason of the injuries to Maxanne and Andrew, and as parent he also sued for Andrew's personal injuries. The jury returned verdicts of no cause for action with respect to all plaintiffs against all defendants. They also answered special interrogatories submitted to them, finding that the soda bottle was defective and that such "defect was a substantial factor in bringing about the bottle breaking"; but they further found that the plaintiffs did not prove that they were free from contributing to the accident. In addition, they found that Anchor exercised reasonable care in manufacturing, inspecting and testing the bottle. Plaintiffs moved to set aside the verdicts on the grounds that in its charge and in two of the special interrogatories submitted to the jury, the court grouped Maxanne and Andrew together on the questions of contributory negligence. They argued that in any event Maxanne was not involved in any conduct contributing to the bottle breaking and that the court erred in grouping the two together. The Trial Judge agreed and set aside the verdicts in favor of Anchor and Loblaws as against Maxanne and as against Bernard with respect to his derivative action, and he directed a new trial as to them against Anchor on the theory of strict liability and against Loblaws on the theory of breach of implied warranty, limited only to the issue of damages. Anchor and Loblaws appeal. There is no cross appeal. Because no exception was taken to the charge or to the interrogatories submitted to the jury, the court had no authority to set aside the verdicts on the stated grounds (Ruff v Snyder, 48 NY2d 756; Brown v Du Frey, 1 NY2d 190, 195). Nonetheless, in the interest of justice this court has authority to set aside the verdicts and grant a new trial where the facts call for it (Kazales v Minto Leasing, 61 AD2d 1039; Van v Clayburn, 21 AD2d 144; and see Martin v City of Cohoes, 37 NY2d 162, 165; People v Rainey, 27 NY2d 748). In light of the jury's finding that Anchor was free from negligence, the court's charge and interrogatories with respect to plaintiff's contributory negligence were of no consequence in the negligence action. With respect to the action founded on strict liability of Anchor, the jury's finding that the plaintiffs (at least one of them) were guilty of negligence contributing to the explosion is a finding that the product was not being used for the "purpose and in the manner normally intended" (Codling v Paglia, 32 NY2d 330, 342), and therefore the court's charge and interrogatories were of no consequence and not ground for

setting aside the verdict on this cause of action. The action based on Loblaws' breach of its implied warranty of merchantability of the bottle (Uniform Commercial Code, § 2-314), however, rests on different footing. In such action only the contributory negligence of the buyer in privity with the seller will bar his recovery (see *Bolm v Triumph Corp.,* 71 AD2d 429, 433-434). This action is based upon privity of contract *(Martin v Dierck Equip. Co.,* 43 NY2d 583, 589), and thus it belongs to Maxanne who made the purchase from Loblaws. The court's error in grouping Andrew and Maxanne together, therefore, was most detrimental to her in this cause of action, because the evidence is undisputed that Andrew, alone, handled the bottle when it broke. The jury's finding that the plaintiffs were negligent in such handling must only relate to the conduct of Andrew and not to that of Maxanne who was an innocent bystander. Because of Loblaws' duty to sell Maxanne only goods "fit for the ordinary purposes for which such goods are used" (Uniform Commercial Code, § 2-314, subd [2], par [c]) and because the jury has found that this did not meet that standard and was a substantial factor in causing the explosion, resulting in Maxanne's injuries, she is entitled to recover for her injuries and her incidental expenses in connection therewith (Uniform Commercial Code, § 2-715). Thus, the court's error was of such a fundamental character that in the interest of justice the verdict as to her should be set aside as against Loblaws, Inc., and a new trial should be granted to her on her cause of action for breach of implied warranty of merchantability, but it should be limited to questions of damages only (see *Hogue v Wilson,* 51 AD2d 424, 426-427; *Creative Inception v Andrews,* 50 AD2d 553; CPLR 4404). The order appealed from is, therefore, modified by reversing in all respects except insofar as it grants a new trial on the issue of damages to plaintiff Maxanne Titlebaum against defendant Loblaws, Inc., and except as it granted the cross motion of defendant Loblaws, Inc., against Custom Beverage Packers and Anchor Hocking Corp. on the theory of breach of warranty, in which respects it is affirmed. (Appeals from order of Monroe Supreme Court—set aside verdict.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.