■ BARBARA Z. WOODRING, as Administratrix of the Estate of GEORGE T. WOODRING, JR., Deceased, Respondent, v BOARD OF EDUCATION OF MANHASSET UNION FREE SCHOOL DISTRICT, Appellant. — In an action, *inter alia,* to recover damages for wrongful death, the defendant appeals from a judgment of the Supreme Court, Nassau County, dated April 24, 1980, which, after a jury trial,

awarded plaintiff the principal sum of more than $1,400,000. Judgment affirmed, with costs. A reading of the record demonstrates that there was ample basis for the jury's finding of negligence on the part of the defendant in the construction and maintenance of the railing on the platform in question. The testimony showed that the railing gave way when the decedent grabbed hold of it in his attempt to climb up from a stepladder to the platform. There is evidence that the nut and bolt which secured the railing were not in place and that the defendant had no program of preventative maintenance or inspection of the facilities in the gymnasium where the platform was located. Moreover, plaintiff's expert testified that the construction of the railing and posts, and the manner in which the railing was secured, were not in accordance with proper construction practice. Further it cannot be said that the accident was unforeseeable. There was testimony that platforms were used extensively for various school functions, that students would often go up on them, frequently without permission, and that students had been seen hanging onto the railings and doing somersaults thereon. As to the decedent's degree of fault, we find that the jury's apportionment of 15% liability to him is based on a reasonable view of the evidence and should not be disturbed. Contrary to the defendant's assertion, there was not uncontradicted evidence that the decedent jumped from the ladder to the railing. Concerning the trial court's alleged failure to relate the law to the facts in its charge, defendant's failure to object constituted a waiver of its right to raise the issue on appeal (see, e.g., *O'Neill v Cross County Hosp.*, 61 AD2d 1008). Turning to the award of damages, we hold that it was proper for the jury to consider the decedent's profit sharing plan. It is true that a businessman may not recover lost or future profits which are the result of a return on his capital investment (see 13 NY Jur, Damages, § 84). However, the decedent was an employee of J.C. Penney, merely participating in a profit incentive plan as an additional way of compensating him for the use of his skills. The proof showed that over the years the decedent had consistently received larger and larger sums of money as a result of the profit sharing. Therefore, the decedent's consistent record of high performance, resulting in yearly profit sharing bonuses, was indicative of what his future earning capacity would have been and thus was properly considered by the jury (see 13 NY Jur, Damages, § 82; see, also, *Grayson v Irvmar Realty Corp.*, 7 AD2d 436). We have considered the other points raised by the defendant and have found them to be without merit. Damiani, J. P., Gibbons, Rabin and Thompson, JJ., concur.