■ UP-FRONT INDUSTRIES, INC., et al., Appellants-Respondents, v U. S. INDUSTRIES, INC., et al., Respondents-Appellants. — Order entered July 6, 1982 in Supreme Court, New York County (Arnold Fraiman, J.), setting aside the jury verdict as to the second, third and fourth causes of action and directing a new trial on the issue of damages unless plaintiffs stipulate to a reduction of the jury, award, unanimously reversed, on the law and the facts, and the jury verdict of $960,000 on those causes of action is reinstated, with costs. In the fall

of 1974 plaintiffs entered into an oral agreement with defendants (U. S. Industries [USI] and its subsidiaries) whereby USI would manufacture specialty T-shirts with photographic transfers emblazoned on them and plaintiffs, who had originally obtained the methodology for this process, would sell the garments. Net profits were to be split, 60% to USI and 40% for plaintiffs. Later, in January of 1975, the parties revised their agreement and put it in writing, whereby plaintiffs would thereafter receive 10% on all orders booked (gross sales) but USI would supply office and showroom space. After three months of this, however, USI informed plaintiffs that henceforth they would only receive 3%. When plaintiffs refused to accept the reduced commission, USI declared the relationship terminated and evicted plaintiffs from the offices. This lawsuit resulted, with plaintiffs seeking unpaid commissions and $1 million in damages, on theories of breach of contract, wrongful discharge and *quantum meruit*. At trial, plaintiffs presented documents and testimony of USI employees, as well as their own. Unrebutted by defendants, this evidence showed how the product line was immediately successful, with sales of $500,000 in the first four months; plaintiffs maintained their high sales bookings over the next four months (up until termination); and USI actually budgeted for at least $2 million in sales the first year but fully expected to gross $3-5 million per year. After "terminating" plaintiffs USI continued to manufacture and sell these T-shirts for three years. Records of actual production and sales were never produced by defendants, however, even though subpoenaed and promised. Thus, in addition to calculating unpaid commissions, the court charged the jury that if it found USI to have breached the contract, it was to calculate damages on the basis of actual sales and "testimony about projected sales" plaintiffs would have made over the three years USI continued in the business. The court also instructed the jury to deduct any expenses plaintiffs would have incurred as well as the money they actually did earn from the 10% of gross which would have been plaintiffs' commissions. USI did not except to any aspect of the charge on consequential damages. Nonetheless, the court on its own determined that "[o]n the basis of the evidence presented [there was] no possible way in which the jury could have arrived at the figure of $960,000 as the damages". The court therefore ordered a new trial unless plaintiffs stipulated to a reduction of the verdict to $111,244. This was error. "Because no exception was taken to the charge * * * to the jury, the court had no authority to set aside the verdicts on the stated grounds (*Ruff v Snyder*, 48 NY2d 756; *Brown v Du Frey*, 1 NY2d 190, 195)." (*Titlebaum v Loblaws, Inc.*, 75 AD2d 985; see, also, *Barry v Manglass*, 55 NY2d 803, 805; *Knobloch v Royal Globe Ins. Co.*, 38 NY2d 471, 477.) While, in the interests of justice this court is authorized to grant a new trial, assuming the facts warrant it (*Titlebaum v Loblaws, Inc., supra*), the acquiescence of the parties in the charge to the jury binds them at the trial level, since it would be unfair to allow postverdict motions upon theories at odds with the legal course charted all through trial. (*Barry v Manglass*, 55 NY2d, at p 810 [Fuchsberg, J., dissenting]; *Martin v City of Cohoes*, 37 NY2d 162, 165; compare *Rector of St. Bartholomew's Church v Committee to Preserve St. Bartholomew's Church*, 56 NY2d 71, 76.) The court below found remittitur justified by our recent decision in *Good Karma Prods. v Penthouse Int.* (88 AD2d 561). However, in that case (*supra*), the record was "completely devoid of proof of any damage sustained by plaintiff." Here, ample evidence, most of it unrebutted, sustained plaintiffs' claims, and the failure of defendants to produce subpoenaed records solely accessible to them justified the jury's reliance on sales projection figures in determining the probable actual damages. Thus, we find both the charge to the jury and the verdict rendered to be fully sustained by the record. (Cf. *Knobloch v Royal Globe Ins.*

*Co., supra.*) Concur — Murphy, P. J., Sullivan, Carro, Milonas and Alexander, JJ.