■ VICTORIA GREEN et al., Appellants, v WALTER J. MEYER et al., Respondents. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Christ, J.), dated June 26, 1984, which, after a jury trial, was in favor of the defendants.

Judgment affirmed, with costs.

We find that the jury's verdict was based on a fair interpretation of the evidence and a valid line of reasoning which could lead rational people to a similar conclusion *(see, Nazito v Holton,* 96 AD2d 550; *cf. Cohen v Hallmark Cards,* 45 NY2d 493, 499). Additionally, while plaintiffs presented prima facie evidence of negligence by proving that defendant Walter Meyer's car crossed the divider of Sunrise Highway in Freeport on February 8, 1980, the defendant driver explained that he was cut off by another automobile attempting to enter his lane. Plaintiffs' evidence, coupled with the explanation of the driver, presented factual questions concerning the negligence of the defendant driver for determination by the jury *(see, Rosenberg v Rixon,* 111 AD2d 910; *Vadala v Carroll,* 91 AD2d 865, *affd* 59 NY2d 751; *Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132).

The failure of the trial court to marshal the evidence in its charge does not mandate a reversal and a new trial. No request was made to marshal the evidence, nor was an exception taken to the failure to do so, rendering the issue unpreserved for appellate review (CPLR 4110-b; *Sutton v Piasecki Trucking,* 88 AD2d 617, *affd* 59 NY2d 800). In any event, the failure to marshal the evidence did not prejudice appellants in light of the short duration and straightforwardness of the case *(cf. Green v Downs,* 27 NY2d 205; *Sabatini v General Elec. Co.,* 96 AD2d 5, 15-16). The failure of the trial court to instruct the jury with respect to the potential responsibility of the driver of the automobile which allegedly forced the defendant driver off the road and the failure to discuss percentages of liability were not errors in view of the fact that the case against the third-party defendant and the affirmative defense of contributory negligence had been dismissed by the trial court. Finally, charging the emergency doctrine was proper because it was

necessary for the jury to determine if the defendant driver was faced with an emergency situation. Plaintiffs' contentions that the trial court should have instructed the jury to find defendants liable if it found "any negligence whatsoever" on the part of the defendant driver has been reviewed and is without merit. O'Connor, J. P., Rubin, Eiber and Kunzeman, JJ., concur.