■ REBA J. EDWARDS et al., Respondents, v STEVE L. JORDAN et al., Appellants.—Order unanimously reversed on the law without costs and motion denied. Memorandum: Special Term erred by granting plaintiffs' motion for partial summary judgment on liability. The plaintiff in a negligence action is entitled to such relief only where there is no conflict in the evidence, the defendant's conduct fell below any permissible standard of due care, and plaintiff's conduct either was not involved (as with a passenger) or was clearly prudent under the circumstances *(Ugarriza v Schmieder,* 46 NY2d 471, 475-476; *Andre v Pomeroy,* 35 NY2d 361, 365). In the subject case, the deposition testimony of the two drivers was in substantial conflict in numerous material respects. According to the defendant driver, whose version must be credited on this motion *(see, Robinson v Strong Mem. Hosp.,* 98 AD2d 976), plaintiffs' vehicle was proceeding east on the expressway in the right lane, and defendant was driving in the left lane. As the two vehicles approached an interchange area under construction, plaintiffs' car moved into his lane with only three feet separating the vehicles. At the time, defendant had "let off" the accelerator to allow the plaintiff room to enter his lane of travel in front of his vehicle. A short distance later, a truck entering the expressway moved close to the left lane, and the plaintiff suddenly slammed on her brakes and came to a stop. Defendant, then approximately 20 feet behind, unsuccessfully attempted to avoid striking plaintiffs' vehicle. Under these circumstances, we cannot say that as a matter of law the conduct of defendant driver fell below the permissible standard of due care. Whether either driver failed to exercise reasonable care and the extent of their fault, if any, are questions that the jury must resolve. (Appeal from order of Supreme Court, Erie County, Ricotta, J.—summary judgment.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.