■ CARMELA VARSI, Respondent, v ROBERT STOLL, Defendant, and PILOT FREIGHT CARRIERS, INC., et al., Appellants.—In an action to recover damages for personal injuries, the defendants Pilot Freight Carriers, Inc. and Vincent DeMartino appeal from a judgment of the Supreme Court, Kings County (Shaw, J.), entered June 20, 1988, which, upon granting the plaintiff's motion pursuant to CPLR 4404 to set aside the jury verdict in favor of the defendants Pilot Freight Carriers, Inc. and Vincent DeMartino on the issue of liability, is in favor of the plaintiff and against them on the issue of liability.

Ordered that the judgment is reversed, on the law, with costs, the jury verdict is reinstated, and the complaint as asserted against the defendants Pilot Freight Carriers, Inc. and Vincent DeMartino, is dismissed.

In the morning rush hour of March 24, 1983, the defendant Robert Stoll was driving his automobile, in which the plaintiff, Carmela Varsi, was a front-seat passenger, onto the Manhattan Bridge. The Stoll car was proceeding in the left lane at about 25 miles per hour. Suddenly, a blue car darted from the right lane to within 1 or 2 feet in front of the Stoll car and stopped short. Stoll applied his brakes "[a]s hard as [he] could", and either stopped or considerably slowed down his car. Following the Stoll car was a 20-foot long fully loaded Mercedes-Benz truck weighing in excess of 15,000 pounds owned by the defendant Pilot Freight Carriers, Inc. (hereinafter Pilot) and driven by the defendant Vincent DeMartino. DeMartino testified that he had been proceeding at about 20

miles per hour two car lengths behind the Stoll car for about two minutes prior to the sudden stop. Upon seeing the blue car dart into the left lane, causing the Stoll vehicle to stop short, DeMartino applied both feet to the brake pedal in an effort to avoid colliding with the Stoll car. At that point, the truck was one car length, or "a good fifteen feet" behind the Stoll car. Within seconds of the blue car's sudden emergence into the left lane, the truck struck the Stoll car in the rear.

At the close of the plaintiff's case, the court granted Stoll's motion pursuant to CPLR 4401 for judgment as a matter of law. The dismissal of the complaint as asserted against Stoll is not at issue on this appeal. After the jury rendered its verdict finding that DeMartino and Pilot were not negligent, the trial court granted the plaintiff's motion to set aside the verdict, finding the verdict against the weight of the evidence.

We conclude that the jury's exoneration of DeMartino and Pilot was neither erroneous as a matter of law nor against the weight of the evidence. Unlike those cases involving a rear-end collision with a stopped automobile, where the offending vehicle's driver failed to offer an adequate excuse for the collision and was held negligent as a matter of law (see, e.g., Cohen v Terranella, 112 AD2d 264; Silberman v Surrey Cadillac Limousine Serv., 109 AD2d 833), here, Stoll came forth with an exculpatory explanation, i.e., the emergency situation created by the reckless conduct of the driver of the blue car, the factual evaluation of which was properly put before the jury in the court's charge regarding the emergency doctrine (see, Edwards v Jordan, 143 AD2d 539; Stevenson v Olfano, 133 AD2d 751; Walker v Barnwell, 122 AD2d 605; Pescetti v Mastrodominico, 79 AD2d 970; Gabor v Levitt, 34 AD2d 645), and we cannot say that the acceptance by the jury of the emergency claim was not based on a fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129). Accordingly, the verdict after trial on the issue of liability in favor of DeMartino and Pilot is reinstated.

The plaintiff's remaining claim regarding the court's charge is unpreserved for appellate review as a matter of law and, in any event, would not warrant a new trial. Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.