◼ FRANK COLUMBIA, III, an Infant, by His Father and Natural Guardian, FRANK COLUMBIA, JR., et al., Appellants, v STEPHEN HOROWITZ, Respondent, and FRANK COLUMBIA, JR., Counterclaim Defendant.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) a judgment of the Supreme Court, Suffolk County (Lama, J.), entered April 15, 1988, which, upon a jury verdict, is in favor of the defendant and against them dismissing the com-

plaint, and (2) an order of the same court, dated April 28, 1988, which denied the plaintiffs' motion to set aside the jury verdict.

Ordered that the judgment and the order are affirmed, with one bill of costs payable to the defendant by the appellants.

This negligence action arose out of a collision between an automobile driven by the defendant, and a moped operated by the infant plaintiff. Upon a trial limited to the issue of liability only, both sides presented evidence in support of their respective positions. Upon examining the record, we are of the opinion that the verdict in favor of the defendant is not contrary to the weight of the evidence. In order to set aside a jury verdict for a defendant, the evidence must preponderate so greatly in the plaintiffs' favor that the verdict could not have been reached upon any fair interpretation of the evidence *(see, Nicastro v Park,* 113 AD2d 129; *Saleh v Sears, Roebuck & Co.,* 119 AD2d 652; *Salazar v Fisher,* 147 AD2d 470). Such is not the case here. The jury's verdict is amply supported by the evidence.

The plaintiffs also contend that the court's charge warrants a new trial despite their failure to object to any portion of the charge at the trial. We do not agree. The plaintiffs failed to preserve the issue for appellate review *(Up-Front Indus. v U.S. Indus.,* 63 NY2d 1004, *affg* 97 AD2d 354; *Woodring v Board of Educ.,* 79 AD2d 1022). Even if the charge could have been considered technically deficient with respect to certain issues, these deficiencies could not have resulted in such "egregious" injustice as to warrant review by this court despite the fact that the issue of law has not been preserved for appellate review *(see, Kazales v Minto Leasing,* 61 AD2d 1039, 1040; *cf., Woodring v Board of Educ., supra).* Thompson, J. P., Eiber, Rosenblatt and Miller, JJ., concur.