■ EUGENE JONES et al., Appellants, v BRUNO BOGUCKI, Respondent.—Crew III, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Owen, J.), entered November 29, 1989 in Orange County, upon a verdict rendered in favor of defendant.

On November 14, 1987, plaintiffs were driving north on State Route 145 and defendant was heading west on State Route 81 when their automobiles collided at the intersection of the two highways in the Town of Rensselaerville, Albany County. Plaintiffs commenced this action to recover damages for personal injuries allegedly caused by defendant's negligence and, following a trial, the jury returned a verdict in favor of defendant. Supreme Court denied plaintiffs' motions to set aside the verdict as against the weight of the evidence and to direct a verdict in favor of plaintiffs; this appeal ensued.

Plaintiffs contend that Supreme Court erred in not setting aside the verdict as being against the weight of the evidence. More specifically, plaintiffs assert that they were not negligent because they were reacting under an emergency situation and that defendant was negligent. We disagree. At trial plaintiffs claimed that defendant failed to stop at a stop sign and pulled in front of plaintiffs' vehicle causing the accident. Defendant stated that he stopped at the intersection, looked right and left, pulled into the intersection and was struck by plaintiffs' vehicle which was traveling fast. That sharp conflict of evidence presented questions of fact and credibility which the jury implicitly resolved in defendant's favor (see, Kallasy v New York Tel. Co., 70 AD2d 749). Viewing the evidence in a light most favorable to defendant, we do not find that the evidence so preponderates in favor of plaintiffs that a finding in favor of defendant was not reached by any fair interpretation of the evidence (see, Meyer v Smiley Bros., 145 AD2d 674, 675-676). Accordingly, Supreme Court properly denied plaintiffs' motion to set aside the verdict.

Plaintiffs' contentions that Supreme Court erred in instructing the jury concerning an uncontrolled intersection is without merit. Defendant testified that there was no stop sign at the intersection. Plaintiffs testified that there was. The conflicting testimony presented a question of fact for resolution by the jury (see, Kallasy v New York Tel. Co., supra). Accordingly, Supreme Court's charge to the jury was proper.

We have considered plaintiffs' remaining contention and find that it is unpersuasive.

Casey, J. P., Mikoll, Yesawich Jr. and Levine, JJ., concur. Ordered that the judgment is affirmed, with costs.