■ RICHARD A. DUTCHER et al., Appellants, v LAURA B.

FETCHER et al., Respondents.—Mahoney, J. Appeals (transferred to this court by order of the Appellate Division, Second Department) (1) from a judgment of the Supreme Court (Hillery, J.), entered November 26, 1990 in Dutchess County, upon a verdict rendered in favor of defendants, and (2) from an order of said court, entered November 2, 1990 in Dutchess County, which denied plaintiffs' motion to set aside the verdict.

Plaintiff Shirley A. Dutcher was injured in an automobile accident when a vehicle driven by defendant Laura B. Fetcher crossed over a concrete curb divider on the Hutchinson River Parkway in Bronx County and collided with the vehicle in which Dutcher was riding (hereinafter Dutcher's vehicle). Thereafter, Dutcher and her husband commenced this action against Fetcher and the owner of Fetcher's vehicle sounding in negligence and seeking recovery for injuries sustained. During a trial limited to the issue of liability, it was established that Dutcher's vehicle was lawfully traveling in the left southbound lane of the Parkway. The road was wet from a previous rain. Neither Dutcher nor any of the other occupants recall seeing Fetcher's vehicle prior to the collision.

In her defense, Fetcher testified that she was traveling across a metal-surfaced drawbridge in the left northbound lane. She was traveling at approximately 40 to 45 miles per hour; the road was wet and slick. As she approached the end of the bridge a yellow cab, traveling in an adjacent northbound lane, suddenly swerved into her lane. As Fetcher swerved to avoid the cab, her car "hit a skid", went onto the divider, struck a light pole, crossed into the oncoming southbound traffic lanes and collided with Dutcher's vehicle. It is uncontroverted that Fetcher had not mentioned the existence of the cab or the alleged role it played in causing the accident prior to her testimony at trial; no mention was made by her at the scene, either to Dutcher or the responding police officer, in the subsequent motor vehicle accident report, as a defense in the answer or in her deposition testimony. In an apparent effort to establish that her trial testimony was a recent fabrication, Dutcher used the foregoing documents for purposes of impeachment.* In addition to Fetcher's testimony, the defense produced an accident reconstruction expert who

---

* Fetcher attributed her failure to advise of the actions of the cab at the accident scene to a memory lapse. According to her, she had no memory of the cab until nine days after the accident; she thereafter told her insurer and a friend. A review of the salient portions of her deposition testimony reveal that while she acknowledged the presence of a vehicle in the adjacent

opined that, due to the decreased coefficient of friction of tires on a wet metal surface such as was involved herein, the sudden swerving of a vehicle was sufficient to bring it into a skid with the resultant loss of control that occurred. At the conclusion of the proof, plaintiffs requested no charges other than the "standard" charges. Supreme Court charged the jury on, *inter alia,* contributory negligence and the emergency doctrine. Plaintiffs specifically objected to the former charge but not the latter. Three special questions were propounded to the jury the first of which required them to determine if Fetcher was negligent and her negligence was the proximate cause of this accident. The jury returned a verdict in favor of defendants. Following denial of their motion to set aside the verdict as against the weight of the evidence, plaintiffs appeal.

Plaintiffs' initial assertion of error concerns Supreme Court's charge to the jury. Essentially, plaintiffs contend that the court erred in instructing the jury on the burden of proof, erred in charging the emergency doctrine and contributory negligence, and erred in failing to charge an assertedly controlling section of the Vehicle and Traffic Law. With the exception of the contributory negligence charge, plaintiffs failed to object to the inclusion or omission of the other items. Such failure operates to preclude appellate review of these issues *(see,* CPLR 4110-b; *see also, Healy v Greco,* 174 AD2d 877; *Columbia v Horowitz,* 162 AD2d 579, 580). While portions of the charge could have been clearer in certain respects, in our view these deficiencies do not rise to the level of fundamental error so as to warrant intervention in the interest of justice *(see, Columbia v Horowitz, supra).* In this regard, we note specifically that defendants' proffer of an exculpatory explanation for the accident, i.e., that an emergency situation was presented by the actions of the cab, rendered it proper to charge the emergency doctrine *(see, e.g., Malatesta v Hopf,* 163 AD2d 651, *affd* 77 NY2d 828; *Varsi v Stoll,* 161 AD2d 590; *Green v Meyer,* 114 AD2d 352). Inasmuch as the court made clear that it was up to the jury to determine if the doctrine applied in this case, this charge was in all respects proper *(see, Kallasy v New York Tel. Co.,* 70 AD2d 749). Finally, while the contributory negligence charge was error because absolutely no evidence was submitted regarding Dutcher's fault in causing or contributing to this accident, any error in this regard

---

northbound lane, she was not asked if it played a role in the accident and, consistent with the advice given by her counsel, did not volunteer this information.

was harmless because the manner in which the court propounded the questions to the jury was such that Dutcher's contributory negligence became an issue only in the event the jury concluded that Fetcher was in fact negligent and the jury ultimately found no negligence on Fetcher's part.

While more perplexing, we likewise reject plaintiffs' argument that the verdict was against the weight of the evidence. The gravamen of plaintiffs' argument on this issue is that Fetcher's eleventh-hour testimony that she was cut off by a cab is absolutely incredible. The well-established standard employed in determining weight of the evidence challenges is whether the jury could have reached its conclusion on any fair interpretation of the evidence (see, e.g., Nicastro v Park, 113 AD2d 129, 134-135). In situations such as the one herein where the challenge is to a *credibility* determination made by the jury, the courts are reluctant to interfere, and properly so; to the extent that reasonable minds can differ, it is for the jury to determine who prevails (Sherman v Smith, 23 AD2d 642, appeal dismissed 17 NY2d 547; see, Siegel, NY Prac § 406, at 615 [2d ed]). While the jury's implicit crediting of Fetcher's testimony in this case regarding the cab may be said to be surprising given that she never mentioned the cab at the accident scene or in any of the pretrial proceedings, we cannot say that it could not be reached under any fair interpretation of the evidence. Significantly, this is not a situation where the trial testimony is *wholly* unexplained and *directly contradictory* to other prior sworn statements (cf., Posner v Precision Shapes, 271 App Div 435). Here, Fetcher provided an explanation as to why she did not mention the presence of the cab at the accident scene. Given her young age at the time and the fact that she was obviously shaken up by the accident, a plausible basis does exist for the crediting of this testimony. This, combined with the fact, brought out at trial, that Fetcher's prior deposition testimony did not literally contradict her trial testimony, provides an adequate, albeit slim, basis for the jury verdict.

We have examined plaintiffs' remaining contention and find it to be without merit.

Weiss, P. J., Mikoll, Levine and Crew III, JJ., concur. Ordered that the judgment and order are affirmed, with costs.