■ EULALIE CAMPBELL et al., Respondents, v JAMES DRISCOLL, Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Kings County (Krausman, J.), entered July 12, 1990, which, upon a jury verdict finding the defendant at fault in the happening of the accident, is in favor of the plaintiffs and against him in the principal sum of $525,000.

Ordered that the judgment is reversed, as an exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless within twenty (20) days after service upon the plaintiffs of a copy of this decision and order, with notice of entry, the plaintiffs shall serve and file in the office of the clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $115,000, and to the entry of an amended judgment accordingly. In the event that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

We find that, contrary to the defendant's contention, the verdict was not against the weight of the evidence. In this case arising out of an automobile accident, the defendant claimed that he was driving in the middle lane of a three-lane avenue when suddenly the injured plaintiff, who had been driving in the right lane, changed lanes and moved into his lane without indicating that she was going to do so. The

injured plaintiff, however, stated that she never changed lanes and that the defendant hit her car in the rear. This sharp conflict of evidence presented questions of fact and credibility which the jury implicitly resolved in the plaintiffs' favor, and the verdict was reached upon a fair interpretation of the evidence *(see, Jones v Bogucki,* 175 AD2d 477; *Follett v Thompson,* 171 AD2d 777).

However, we find that the damages are excessive to the extent indicated because they deviate materially from what would be reasonable compensation under the circumstances of this case *(see,* CPLR 5501 [c]). An award of $100,000 to the plaintiff Eulalie Campbell, consisting of $70,000 for past pain and suffering and $30,000 for future pain and suffering, and of $15,000 to the plaintiff Ernest Campbell, consisting of $10,000 for past loss of services and $5,000 for future loss of services, is more appropriate.

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Sullivan and Balletta, JJ., concur.