■ JUDITH BOND-GREEN et al., Appellants, v GILBERT T. McNALLY, Defendant and Third-Party Plaintiff-Respondent, and SCOTT M. KOO, Respondent. JAY R. LEVINE, Third-Party Defendant-Respondent. [650 NYS2d 598] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Schmidt, J.), entered December 6, 1995, which, upon a jury verdict in favor of both defendants, is in favor of the defendant Gilbert T. McNally and against the plaintiffs, dismissing the complaint insofar as asserted against Gilbert T. McNally.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Preliminarily, we note that although the verdict was in favor of the two defendants, the judgment appealed from by the plaintiffs dismisses the complaint only insofar as it is asserted against the defendant Gilbert T. McNally. However, since the parties have proceeded as if the judgment is in favor of both defendants, for purposes of judicial economy we will review the verdict as to both.

We find that the jury's verdict was proper as to both defendants because it was based on a fair interpretation of the evidence and a valid line of reasoning which could lead rational people to a similar conclusion (see, Green v Meyer, 114 AD2d 352).

Furthermore, a party requesting the emergency doctrine instruction is entitled to have the jury so charged if "under some reasonable view of the evidence, an actor was confronted by a sudden and unforeseen occurrence not of the actor's * * * making" *(Rivera v New York City Tr. Auth.,* 77 NY2d 322, 327). Based on the evidence presented at trial, the trial court did not err in refusing to limit its charge on the emergency doctrine to the actions of third-party defendant Jay Levine *(see also, Varsi v Stoll,* 161 AD2d 590).

The plaintiffs' remaining contention is without merit. Santucci, J. P., Joy, Krausman and Florio, JJ., concur.