■ RENETTA ALLEN et al., Respondents-Appellants, v MARK A. PASSALACQUA et al., Respondents, and ANN M. KIRSCHNER et al., Appellants-Respondents. [764 NYS2d 641] —In an action to recover damages for personal injuries, etc., the defendants Ann Marie Kirschner and Harold Kirschner appeal from (1) so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated March 28, 2002, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and, in effect, searched the record and granted summary judgment in favor of the plaintiffs and against them on the issue of liability, and the plaintiffs separately appeal from (2) an order of the same court dated June 7, 2002, which denied the motion of the defendants Ann Marie Kirschner and Harold Kirschner for leave to reargue the aforementioned motions, and (3) an order of the same court dated July 26, 2002, which denied their motion for leave to reargue the motions.

Ordered that the appeal by the plaintiffs from the order dated June 7, 2002, is dismissed, without costs or disbursements, as the plaintiffs are not aggrieved thereby (see CPLR 5511), and in any event, no appeal lies from an order denying leave to reargue; and it is further,

Ordered that appeal by the plaintiffs from the order dated July 26, 2002, is dismissed, without costs or disbursements, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order dated March 28, 2002, is modified, on the law, by deleting the ultimate paragraph thereof which, in effect, upon searching the record, granted summary judgment in favor of the plaintiffs and against the defendants Ann Marie Kirschner and Harold Kirschner on the issue of liability; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The admissible proof adduced showed the existence of a triable factual issue as to whether the defendant Ann Marie Kirschner was negligent in the operation of the vehicle owned by her husband, the defendant Harold Kirschner. Accordingly, after denying the Kirschners' motion for summary judgment, the Supreme Court should not have, in effect, searched the record and granted the plaintiffs summary judgment against those defendants (*see Kuci v Manhattan & Bronx Surface Tr. Operating Auth.,* 88 NY2d 923, 924 [1996]; *Sing-Lam Ng v Beatty,* 300 AD2d 648 [2002]; *Leitch v Himo,* 270 AD2d 464 [2000]; *Barath v Marron,* 255 AD2d 280, 281 [1998]; *Varsi v Stoll,* 161 AD2d 590 [1990]; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]).

The parties' remaining contentions are either without merit or need not be reached in light of this determination. Florio, J.P., Schmidt, Crane and Cozier, JJ., concur.