■ Rainer Joseph Kirchgaessner, as Administrator of the Estate of Rachel Kirchgaessner, Deceased, et al., Respondents, v Israel Hernandez, Jr., et al., Appellants. [836 NYS2d 170]—

Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered April 5, 2006, which, insofar as appealed from, granted plaintiff's motion for partial summary judgment on the issue of liability, unanimously affirmed, without costs.

Uncontradicted eyewitness deposition testimony and police investigative evidence establish that plaintiff's decedent was crossing the six-lane Sixth Avenue from the northeast to the northwest corner, in the crosswalk with a favorable walk signal, when she was hit by the rear, right side of defendants' long-bed truck. The truck had a green light, and its driver, after making a wide, right-hand turn from westbound 55th Street through the crosswalk, was steering the truck back over to the rightmost lanes of Sixth Avenue to make an immediate right turn onto eastbound 56th Street. The truck driver admits that he had an unobstructed view of the intersection in clear weather,

but claims that he did not see any pedestrians in the crosswalk, although he was carefully observant. Defendants' experts opine that the decedent, misjudging the "off-tracking" capability of the truck as it rounded the corner (i.e., the extent to which the truck's rear wheels would be behind in the turn than the front wheels), had inattentively "walked into a position of danger" after her movements were no longer detectable by the driver. No issues of fact exist as to the truck driver's negligence. He was under a duty to yield to the decedent (Vehicle and Traffic Law § 1111), and his statement that he never saw her while being observant is incredible as a matter of law (*see Weigand v United Traction Co.*, 221 NY 39, 42 [1917]; *O'Farrell v Inzeo*, 74 AD2d 806 [1980]). Nor do defendants' experts raise issues of fact as to the decedent's comparative negligence. The record establishes that as the truck driver attempted to complete a "switch-back" maneuver to the right-most lanes of Sixth Avenue, the decedent, who was then in the first or second eastern-most lanes, had actually turned away from the truck, in a northeasterly direction, but was hit in the left shoulder and backside, then pushed face down to the ground, as the off-tracking rear wheels struck and killed her. The rapidly evolving off-tracking of the truck caused by the unexpected switch-back maneuver left the decedent without a reasonable opportunity to react and no outlet for escape. Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and McGuire, JJ.