■ MARY ELIZABETH KELLY, Also Known as MARY BETH KELLY, Individually and as Executrix of CARL HENRY NACHT, Deceased, Appellant, v CITY OF NEW YORK et al., Respondents. [873 NYS2d 51]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered July 28, 2008, which denied plaintiff's motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, without costs, the motion granted, and the matter remanded for further proceedings.

Plaintiff made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that, despite defendant tow-truck driver's unobstructed view, he failed to obey the yield sign and failed to observe either plaintiff or her decedent prior to making a right turn across the bike path and striking the decedent (*see* Vehicle and Traffic Law § 1142 [b]; § 1172 [b]; *Kirchgaessner v Hernandez*, 40 AD3d 437 [2007]). In opposition, defendants' speculation as to the decedent's alleged comparative negligence was insufficient to raise a triable issue of fact. The record establishes that the decedent's failure to have his bicycle equipped with either a light on the front of the bicycle or a bell (*see* Vehicle and Traffic Law § 1236 [a], [b]), was not a proximate cause of the accident, especially given the uncontradicted testimony that plaintiff, who was riding side-by-side with decedent and was close to the oncoming traffic, did have a working lamp attached to her bicycle (*see e.g. Cranston v Oxford Resources Corp.*, 173 AD2d 757, 758-759 [1991], *lv denied* 78 NY2d 860 [1991]). Nor was the decedent's reaction in veering to get out of the way of the path of the truck an unreasonable reaction to the emergency circumstances confronting him (*see Garcia v Verizon N.Y., Inc.*, 10 AD3d 339 [2004]). Concur—Tom, J.P., Saxe, McGuire, Moskowitz and Freedman, JJ.