Payano v Al Nahshal (2026 NY Slip Op 01605)

Payano v Al Nahshal

2026 NY Slip Op 01605

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Scarpulla, J.P., Kapnick, Pitt-Burke, Michael, Hagler, JJ. 

Index No. 805850/21|Appeal No. 6132|Case No. 2025-00208|

[*1]Lesly M. Villar Payano, etc., Plaintiff-Respondent,
vAbdulla Al Nahshal et al., Defendants-Appellants.

Haworth Barber & Gerstman, LLC, New York (Richard E. Barber of counsel), for appellants.
Ginarte Gonzalez & Winograd, LLP, New York (Anthony Destefano of counsel), for respondent.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered December 11, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on the issue of liability, unanimously reversed, on the law, and the motion denied, without costs.
In this personal injury action, plaintiff, as administrator of decedent's estate, alleges that decedent was struck by a box truck driven by defendant Abdulla Al Nashal and owned by defendant AAA Whole Distributors Corp., and that decedent died from the injuries he sustained in the accident.
Plaintiff failed to establish prima facie entitlement to summary judgment as a matter of law. Initially, Supreme Court improperly relied on an unauthenticated police accident report made by a police officer who was not an eyewitness to the accident (see Aetna Cas. & Sur. Co. v Is. Transp. Corp., 233 AD2d 157, 157-158 [1st Dept 1996]).
Even if the police report could be considered, it does not establish that decedent was in the crosswalk at the time of the accident or that decedent had a green walking signal, and thus, there remain triable issues of fact as to whether Nashal exercised due care in the operation of the vehicle (see Vehicle and Traffic Law§ 1146[a]) or was under a duty to yield to decedent (see Vehicle and Traffic Law§ 1111[a][1]). The record is devoid of admissible evidence establishing that decedent was in the crosswalk or had a green walking signal at the time of the accident (see De Diaz v Klausner, 198 AD3d 475, 475-476 [1st Dept 2021]; Rozon v Rosario, 144 AD3d 597, 597 [1st Dept 2016]; Kirchgaessner v Hernandez, 40 AD3d 437, 437 [1st Dept 2007]). The only evidence regarding decedent's location relative to the crosswalk comes from Nashal, who averred that he saw decedent lying on the street "outside the clearly marked crosswalk" after the accident, only further raising triable issues of fact. Furthermore, the court should not have discounted Nashal's testimony as incredible because credibility determinations are for the trier of fact (see e.g. A.L. v New York City Hous. Auth., 169 AD3d 40, 50 [1st Dept 2019]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026